No. 514. OHIO OIL CO. *v.* CONWAY.

Argued February 26, 1929. Decided March 5, 1929. *Per Curiam:* This is a suit to prevent the enforcement against the plaintiff of a statute of Louisiana (Act 5 of 1928) amending a prior

statute (Act 140 of 1922) imposing a severance tax on the production of oil as a natural product of the soil. The prior act fixed the tax at 3 per cent. of the market value of the oil at the time and place of severance, and the amendatory act makes it a graduated tax ranging from 4 to 11 cents per barrel according to the gravity of the oil. As applied to the plaintiff's operations the tax fixed by the amendatory act is about $12,000 more in each period of three months than the tax under the prior act would be for the like period. While admitting the validity of the prior act and declaring a willingness and readiness to pay the tax imposed thereby, the plaintiff alleges that the change and enlarged tax imposed by the amendatory act is invalid in that that act as applied to the plaintiff's operations contravenes the equal protection clause of the fourteenth amendment to the Constitution of the United States, and also a provision of the Constitution of the State requiring that severance taxes be predicated upon " either the quantity or value " of the product at the time and place of its severance.

The parties are citizens of different States and the matter in controversy exceeds in value the jurisdictional requirement. On bringing the suit, the plaintiff applied for an interlocutory injunction restraining the enforcement against it of the amendatory act pending the decree on final hearing; but the District Court, composed of three judges conformably to § 380 of Title 28 of the United States Code, denied the application. An appeal from that order brings it under review.

The application for an interlocutory injunction was submitted on ex parte affidavits which are harmonious in some particulars and contradictory in other. The affidavits, especially those for the defendant, are open to the criticism that on some points mere conclusions are given instead of primary facts. But enough appears to make it plain that there is a real dispute over material questions

of fact which can not be satisfactorily resolved upon the present affidavits and yet must be resolved before the constitutional validity of the amendatory statute can be determined.

The statute provides for the enforced payment of the tax quarterly in each year. If the tax be paid during the pendency of the suit, and the statute be adjudged invalid by the final decree, the plaintiff will be remediless. The laws of the State afford no remedy whereby restitution of the money so paid may be enforced, even where the payment is under both protest and compulsion.

Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted. *Love* v. *Atchison, Topeka & Santa Fe R. Co.,* 185 Fed. 321, 331–332.

Under this rule and in view of the entire absence under the local law of any remedy enforceable by the plaintiff if the tax be paid and afterwards held invalid by the final decree, we are of opinion that the application for an interlocutory injunction should have been granted, and that this should have been done upon terms requiring that the plaintiff (*a*) punctually and regularly pay the tax fixed by the prior act, (*b*) give an adequate bond whereby, in the event the amendatory act is adjudged valid by the final decree, the plaintiff and its surety will be obligated to pay, with interest and without other penalty, such further amounts as may be necessary, with the prior payments, to satisfy the tax fixed by that act, and (*c*) prosecute the suit with reasonable expedition to a final decree.

The order is accordingly vacated with directions for further proceedings in conformity with this opinion. *Mr. S. L. Herold,* with whom *Messrs. S. P. Sousin* and *R. L. Benoit* were on the brief, for appellant. *Mr. Wood H. Thompson,* Assistant Attorney General of Louisiana, with whom *Mr. Percy Saint,* Attorney General, was on the brief, for appellee.