**SOUTHWESTERN LUMBER CO. OF NEW JERSEY v. KERR.**

No. 608.

District Court, S. D. Texas, Houston Division.

Jan. 23, 1934.

See, also (D. C.) 11 F. Supp. 253; (C. C. A.) 78 F.(2d) 348.

Terry, Cavin & Mills and Ballinger Mills, all of Galveston, Tex., for plaintiff.

Fulbright, Crooker & Freeman, of Houston, Tex., for defendant.

KENNERLY, District Judge.

In this case, jurisdiction is under subdivision (1) (b) of section 41, title 28 USCA.

Plaintiff, the Southwestern Lumber Company of New Jersey, seeks a preliminary injunction (section 381, title 28 USCA) to restrain interference by A. E. Kerr, trustee in bankruptcy of John H. Kirby, bankrupt, with a proposed sale by plaintiff on January 24, 1934, at Houston, of 29,667 shares of the capital stock of the Kirby Lumber Company, alleged to have been pledged to plaintiff by Kirby to secure an alleged indebtedness by Kirby to plaintiff of $3,600,000. By cross-action, defendant, as trustee in bankruptcy, charges that such indebtedness, or a substantial part thereof, does not exist, and/or if it does exist, that it is tainted with usury, and/or that if it does exist, it is not due, etc. Defendant also alleges such stock to be of a value far greater than the amount of the alleged indebtedness, and that there is therein a substantial equity for the creditors of Kirby. Defendant prays for preliminary injunction (section 381, supra), and upon final hearing, for cancellation of the alleged indebtedness, and perpetual in-

junction, restraining plaintiff from selling such stock, etc. This is a hearing on bills and answers of the two applications for preliminary injunction.

The law seems settled.

The Supreme Court, in Ohio Oil Co. v. Conway, 279 U. S. 813, 814, 49 S. Ct. 256, 73 L. Ed. 972, 973, uses this language in a case where the application was for interlocutory injunction under section 380, title 28 USCA: "Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted. Love v. Atchison, Topeka & Santa Fe R. Co. (C. C. A.) 185 F. 321, 331, 332."

Again, in Public Service Commission v. Telephone Company, 289 U. S. 67, 70, 53 S. Ct. 514, 515, 77 L. Ed. 1036, 1038, (where the application was also under section 380, supra), it is said: "While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief."

Reserving for determination on final hearing the issues of fact raised, and expressing no opinion thereon, it is sufficient to say now that defendant's bill shows that if the stock is permitted to be sold by plaintiff, defendant's right or equity therein (if any), if he prevails, will thereby be cut off, and defendant's loss will be complete and irreparable. On the other hand, if the proposed sale is enjoined until the issues of fact can be determined, plaintiff's loss (if any), if it prevails, will be the expense of again advertising the stock for sale, plus any depreciation therein, together with any other damages which may be caused plaintiff. But all may be adequately indemnified by bond of the trustee required by section 382, title 28 USCA.

It follows that plaintiff's application for preliminary injunction should be denied, and defendant's granted.

Because of the matters set forth in such bills and answers, it is regarded as the duty of the court to fully exercise its equity powers to preserve the status quo of the subject-matter of the litigation. In order that this may be done, and the shares of stock and the values and properties they represent may be, so far as possible, preserved, both parties, pending final hearing, will be enjoined and restrained from advertising for sale, selling, disposing of, voting at stockholders' meetings, or taking any action with respect to such stock, except as hereafter permitted by order of the court made upon application of any interested person.

Let a decree be drawn and presented accordingly.