**TYLER et al. v. STANOLIND OIL & GAS Co. et al.**

No. 7735.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1935.

Rehearing Denied June 27, 1935.

Mark McMahon, Warren Scarborough, and Gillis A. Johnson, all of Fort Worth, Tex., C. W. Truehart, of San Antonio, Tex., and William McCraw, Atty. Gen., and H. Grady Chandler, Asst. Atty. Gen., for appellants.

Carlton R. Winn and Charles D. Turner, both of Dallas, Tex., and P. G. McElwee, of St. Louis, Mo., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The Stanolind Oil and Gas Company, a Delaware corporation, brought this suit in equity against James V. Allred, Governor of Texas, J. H. Walker, Commissioner of the General Land Office of Texas, John H. Tyler, Eulia B. Tyler, W. D. Twitchell, W. H. Reed, and Lucille Fields Maloney, all citizens and residents of Texas.

In substance, the bill alleged: That on April 10, 1926, plaintiff became the owner of an oil and gas lease of certain property in Pecos county, Tex., described as survey No. 104 T. C. R. R. Co., through mesne conveyances from the state; that the value of the property exceeds $100,000 and a number of producing oil wells have been drilled on it; that on January 14, 1928, John H. Tyler filed in the General Land Office of the state a letter of inquiry to determine if there existed between surveys Nos. 101, 102, 103, and 104 T. C. R. R. Co. and survey No. 34½, Ira G. Yates, a vacant tract of unsurveyed, unappropriated public school land, to which the Commissioner answered there was no vacancy; that thereafter on July 16, 1928, Tyler filed suit in the district court of Pecos county against A. N. Lee, county surveyor, to require him to make a survey of said alleged vacant area; that on December 17, 1934, Lee impleaded plaintiff with numerous other parties; that plaintiff filed a petition with bond to remove the said cause to the District Court and said cause is now pending there by virtue of the removal; that on October 15, 1934, the Commissioner requested an opinion from the Attorney General of Texas as to whether in the area covered by the application of Tyler there was vacant, unappropriated public school land; that on the same day the Attorney General recommended that a survey be made on the ground of river surveys Nos. 65, 67, 68, 69, and 70 I. & G. N. Ry. Co. and No. 545 T. I. & M. Co. because the location thereof controlled the location of Runnells county school land survey No. 3, which in turn controlled the location of surveys Nos. 101, 102, 103, and 104 T. C. R. R. Co.; that said survey was made for the Commissioner by J. J. Goodfellow, the original corners of the surveys were found and located and by virtue thereof it was demonstrated that no vacancy existed as contended by Tyler; that this information was communicated to the Attorney General by Goodfellow by letter, dated January 9, 1935, but, notwithstanding the facts disclosed by the survey, the Attorney General advised the Commissioner, under date of February 5, 1935, that a vacancy existed and directed the Commissioner to issue a patent on the land to Tyler; that Tyler executed a power of attorney to Reed and conveyances to Eulia B. Tyler and Twitchell, all of which were recorded and purport to convey interests in the alleged vacant land but in truth and fact cover, in effect, the property owned by plaintiff; that while they conveyed no title, nevertheless they are asserted claims of ownership and cast clouds upon the title of plaintiff; that there is imminent danger that the Commissioner and Governor, under instructions of the Attorney General, will issue a patent upon the land claimed by Tyler, which land is already covered by a patent under which plaintiff claims; and that while said patent would be null and void, it would immediately and irreparably damage plaintiff, for which there would be no adequate and speedy remedy at law.

The bill prays for a decree removing the cloud from plaintiff's title, for a temporary injunction restraining the Commissioner and the Governor from issuing an award or patent to the land involved in the controversy, and restraining Tyler from procuring or attempting to procure the issuance of any award or patent covering any part of the land. After a hearing, the District Court issued an order granting an interlocutory injunction, enjoining John H. Tyler, Eulia B. Tyler, and W. H. Reed from taking any steps to obtain an award or patent from the state of Texas covering the land in controversy, upon plaintiff giving bond in the sum of $50,000, and denying the temporary injunction as to the Governor and Commissioner.

The Shell Petroleum Corporation, a Virginia corporation, claiming title to survey No. 102 T. C. R. R. Co., filed a similar bill against the same parties, except Lucille Fields Maloney, and obtained the same injunctive relief. The suits were consolidated for trial in the District Court and on appeal.

Appellants contend that the suit is not cognizable in equity; that it is not a local action, and, since none of the defendants resides in the El Paso Division, in which the suits were filed, venue is lacking; that the suit is against the state of Texas and the court is without jurisdiction; and that if the suit is not against the state, she is an indispensable party and joining her would oust jurisdiction.

While the District Court did not pass upon motions to dismiss, and the sole question presented is whether the inter-

locutory injunction was improvidently granted, we may consider the question of jurisdiction.

■ There is no doubt there is diversity of citizenship, and that sufficient amount is involved. The suit is to remove a cloud on title to real property. It is elementary that this presents an equitable action and is local in character. The property is situated in Pecos county, which is within the El Paso Division. If there were any doubt as to the nature of the suit, since all the defendants reside in the Western District, the suit could be transferred to the proper division for trial, without the necessity of dismissing it.

■ It is well settled that a suit against state officers to restrain administrative action, alleged to be illegal, is not a suit against the state prohibited by the Eleventh Amendment. Plaintiffs are not asking for relief against the state. It is clear that the state has not such interest in the case as would require her to be made a party. Pennoyer v. McConnaughy, 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363; Tindal v. Wesley, 167 U. S. 204, 17 S. Ct. 770, 42 L. Ed. 137.

■ From the allegations of the bills, it appears that Tyler has taken steps that would entitle him to receive a patent to the vacancy he claims if it does exist. If he had contented himself with waiting for the patent, perhaps no cloud upon plaintiff's titles would have been created. However, he executed a power of attorney and two conveyances transferring his equitable rights, and these having been recorded, created a cloud upon plaintiff's title as is properly alleged. Colquitt v. Roxana Petroleum Corp. (C. C. A.) 49 F.(2d) 1025.

■ The granting of a preliminary injunction is largely within the discretion of the trial court. Plaintiffs allege that the vacancy claimed by Tyler does not exist, and if a patent is granted to him for the land claimed, the title created will cover their property for which the state had formerly granted patents, forming the basis of their titles. Serious questions of law and fact are presented which may be decided only after full hearing on the merits. If Tyler should receive a patent granting him the legal title before final determination of the merits, the case would be unnecessarily compli-

cated, and it is possible plaintiffs would be irreparably injured. The bonds exacted by the court appear to be ample to protect the defendants. It is usual to grant an interlocutory injunction to preserve the status quo. We find no abuse of discretion by the District Court. The interlocutory injunction was properly granted. Ohio Oil Co. v. Conway, 279 U. S. 813, 49 S. Ct. 256, 73 L. Ed. 972. Other contentions of appellants are without merit, and require no discussion.

Affirmed.

## On Rehearing.

PER CURIAM.

Appellants' motion for leave to present oral argument on petition for rehearing in the above numbered and entitled cause is denied.