**BROWN, Price Administrator, O. P. A., v. PURVIN.**

District Court, S. D. New York.

Sept. 17, 1943.

Mitchell Jelline, Chief Enforcement Atty., New York District Office, O. P. A.,. of New York City (William F. Cauley, Jr.,. of Yonkers, N. Y., of counsel), for plaintiff.

Walton, Bannister & Stitt, of New York City (Edward W. Stitt, Jr., and Charles F. Krause, Jr., both of New York City, of counsel), for defendant.

HULBERT, District Judge.

The plaintiff has applied for an injunction pendente lite restraining the defendant from selling any used typewriters at prices in excess of those established by Maximum Price Regulation No. 162, as. amended.

The defendant, one of the largest dealers. of used typewriters in the country, sold 140ᵗ typewriters on Sept. 4, 1942, to Typomatic Service of Boston, Massachusetts, at a price of $41.67 each. The maximum wholesale price fixed by the Office of Price Administration for these typewriters was $34.17 each. The defendant contends that the sale in question was at retail and that, therefore, the sale was below the fixed maximum retail price of $51.25.

The typewriters were purchased by the Typomatic Service Company for the purpose of attaching a device whereby the machine could be operated for half an hour upon the deposit of ten cents. The typewriters were to be placed in Army camps, and various public locations.

The defendant claims that 'this was not a wholesale transaction within the meaning of Sec. 1398.82(5) of Maximum Price Regulation No. 162. It is also asserted that a sale such as this is considered a retail sale in the typewriter industry.

The question as to whether it was a wholesale or retail sale is close and there is reasonable doubt as to the ultimate outcome of the action. The rule, in such cases, has been stated to be that the injury to the plaintiff, if the temporary injunction is not ordered, is to be measured against the injury to the defendant, if the injunction is. ordered. Park & Tilford Import Corp. v. Hunter Baltimore Rye, Inc., D.C.S.D.N.Y.,.

5 F.Supp. 888. See, also, Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972.

The plaintiff has not shown that the defendant has continued to charge prices in excess of the maximum price nor has the plaintiff shown that there is even a probability of the defendant's charging such a price. The plaintiff's cause of action is based upon the one isolated transaction of Sept. 4, 1942, and as to that transaction, the defendant's assertion that it honestly believed that it had not violated Maximum Price Regulation No. 162 is not disputed. The court cannot see how the plaintiff will be irreparably or seriously injured if the injunction is denied. On the other hand, if the injunction should be granted, and the defendant is successful on the outcome of the issue, the stigma of being branded a violator of the Maximum Price Regulations would remain, and it would injure the defendant in the eyes of the typewriter industry and of the general public. See Securities and Exchange Commission v. Torr, 2 Cir., 87 F.2d 446.

Motion denied and restraining order vacated.