**BOWLES, Adm'r, Office of Price Administration, v. FEDERAL POULTRY CORPORATION.**

**Civil Action No. 3692.**

District Court, E. D. New York.

April 10, 1944.

John D. Masterton, Chief Enforcement Atty., of New York City, and Albert I. Schmalholz, Asst., of Brooklyn, N.Y., for the motion.

Milton E. Sahn, of New York City, for defendant, opposed.

INCH, District Judge.

This is a motion for a temporary injunction in a civil suit for treble damages and a permanent injunction. The suit and the motion are based upon alleged violations of the Emergency Price Control Act, 50 U.S.C.A. Appendix § 901 et seq., and the regulations pursuant thereto as amended, etc. The defendant denies any such violations.

Pursuant to a stipulation a similar motion in similar suits of Chester Bowles, etc., against the Sahn Poultry Corp., The S. S. & B. Live Poultry Corp., Samuel Werner, Inc., Michael Garlick & Sons Inc., Sol. Frankel, Inc., David A. Gordon, Avon-Western Corp., James J. Berger, Inc., George Levin, Inc., has been submitted, the decision in this motion to be considered a decision of each of these other motions, for the reason that the claim of the Government is that "the acts of said defendants are similar and the violations of one are typical of all".

In other words, where such a stipulation exists a substantial portion of the industry in this neighborhood is interested and affected. In such circumstances the importance of the presence and possible harm of a temporary injunction is greater than would ordinarily be the case. I see no irreparable injury to plaintiff.

At the outset it should be stated in the efforts of the Government to protect the public against inflation, where it appears that a violation of law is admitted although such admission is coupled with alleged facts explaining or attempting to excuse such admitted violation, nevertheless, in the discretion of the Court the proper enforcement of such protective measure pending a trial when sought by the Government has usually

resulted, and properly so, in the issuance of a temporary injunction.

 This relief, however, is not a routine matter and when, as is here alleged, violation is denied on oath, the rights of a defendant to have such issue decided at a trial rather than on affidavits is a substantial one and the issuance or non-issuance of a temporary injunction with its possible injury to defendant must be considered in that light. Brown v. Purvin, D.C.S.D.N.Y., 52 F.Supp. 348. Brown v. Sacher, D.C. S.D.N.Y., 53 F.Supp. 77.

So far as I can see, after reading the affidavits and briefs submitted, the violations complained of are based on two grounds. Both depend on proof of facts.

First, that the defendants are "shippers" and therefore required to post a "manifest." Second, that there has been "upgrading of poultry."

It is unnecessary to go into the question, on this motion, also raised by the defendants, relating to the validity of the law as to grading of live poultry for the reason that such fact of grading is something yet to be determined at a trial at which all such and other questions can be argued and proved if it becomes necessary. Mitchell v. Colorado Fuel & Iron Co., C.C., 117 F. 723-727.

As to the question whether or not the defendant is a "shipper" in which case a manifest is apparently required, or a "wholesale dealer" without such obligation to post a manifest, there is a substantial conflict of fact in the affidavits submitted which cannot be determined on motion and likewise requires a trial of the facts.

 Because of this situation and without indicating in any way an opinion as to the law or the facts that may be developed at such trial, the present motion for temporary injunction must be denied. Hall Signal Co. v. General R. Signal Co., 2 Cir., 153 F. 907. National Commodities Co. v. Viret et al., 2 Cir., 296 F. 664.

It is suggested by the Court that in some way such a trial could be promptly arranged for in view of its immediate importance. This fact alone would not be a ground for denial of the motion.

While the Government may not be entitled to a temporary injunction, the opportunity given a defendant by the absence of such temporary injunction, should the facts ultimately show violations, to continue

such violations, should be as short as possible because of the importance of the subject to the welfare of the public. This, however, is a matter that is more or less subject to the calendar practice of the court.

Motion denied.