## ALDRIDGE v. FRANCO WYOMING OIL CO. et al.
### Civ. No. 1223.

United States District Court
D. Delaware.

June 6, 1949.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., and Richard J. Cronan (of Cronan, Kissel & Roseborough), of New York City for plaintiff.

Clarence A. Southerland and E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., for defendants.

RODNEY, District Judge.

This is an application for a preliminary injunction. It is alleged in the complaint that the plaintiff is a stockholder of the Franco Wyoming Oil Company; that the Franco Wyoming Oil Company is about to invest a sum of money (from $2,000,000 to $3,000,000) in a business venture in one or more wholly-owned subsidiary companies to be formed under the laws of France or territories of the French Union or mandated territories and to operate primarily in the franc area.

This is a derivative suit alleging by amendment sufficient reasons for personal action by the stockholder.

The complaint alleged that the contemplated action is to be undertaken solely for the benefit of French holders of bearer certificates having certain rights in the stock of the Franco Wyoming Oil Company and to forestall action by the French Government in requisitioning such securities in the hands of such French certificate holders. The complaint alleges that such investment by the Franco Wyoming Oil Company would result in the fact that the investment could not be withdrawn from France, and would result in irreparable damage to the complainant and all others interested in the Franco Wyoming Oil

Company other than those French certificate holders who are interested in the Company and whose interests would otherwise be requisitioned.

The contentions of the complaint and affidavits filed herein are denied by the answer and answering affidavits. It is asserted that the contemplated investment is dictated solely as a reasonable business venture authorized by its directors and stockholders.

It may be somewhat doubtful that the plaintiff can prevail upon final hearing. It seems, however, that any loss or detriment to the defendant by reason of the preliminary injunction and until final hearing in the cause would be the possible loss of potential profits within that period, if the investment prove a profitable one, and any increased cost of financing the investment over and beyond those costs and expenses already arranged. It would seem that these costs and expenses may be protected in the taking of an injunction bond.

■ In the exercise of a sound judicial discretion in the award or denial of a preliminary injunction, the court should balance the conveniences of the parties and the possible injuries to them according as they may be affected by the granting or the withholding of the injunction. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834. The true rule as I apprehend it to be is, "where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction will usually be granted." Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972; Love v. Atchison, T. & S. F. Ry. Co., 8 Cir., 1911, 185 F. 321, 331; City of Miami Beach v. Benhow Realty, 5 Cir., 1948, 168 F.2d 378, 380.

■ I am of the opinion that the injury to the plaintiff may be, to some extent, irreparable if the preliminary injunction be denied and such plaintiff succeed on final hearing. I am of the further opinion that the injury to the defendant, if the preliminary injunction be issued and the defendant succeed on final hearing, may be fully protected by a bond to be given by the plaintiff.

An order may be presented providing for the issuance of the preliminary injunction within the terms of Rule 65, Federal Rules of Civil Procedure, 28 U.S.C.A., and providing for the security set out in such rule.

If the parties cannot agree upon the amount of security, such amount will, on application, be fixed by the court and, upon like application, the case will be set down for final hearing at an early date.