## UNITED STATES v. LIBBY, McNEILL & LIBBY.

No. 6445–A.

United States District Court
Alaska, First Division, Juneau.

Aug. 9, 1951.

P. J. Gilmore, Jr., U. S. Atty., Stanley D. Baskin, Asst. U. S. Atty., Juneau, Alaska, for plaintiff.

W. C. Arnold, Seattle, Wash., R. E. Robertson, Juneau, Alaska, for defendant.

FOLTA, District Judge.

By this suit the plaintiff, acting on behalf of the Indians of the Hydaburg Indian Reservation in Alaska, seeks to enjoin the defendant from fishing in the waters of the reservation and pending trial has renewed its application for a preliminary injunction. Upon the first hearing, plaintiff's motion for such an injunction was denied on May 21, 1951, without prejudice because defendant could in no event engage in fishing until the season opened on August 6. Upon the second hearing held on August 4, plaintiff has shown that the defendant has reinstalled its trap in reservation waters and is about to engage in fishing during the current season which ends on September 1.

Defendant has operated its trap on the identical site involved in this controversy, in the waters of Tlevak Strait, an arm of the pacific Ocean, since 1926.

The complaint alleges that on November 30, 1949, under the authority conferred upon him by Section 2 of the Act of May 1, 1936, 49 Stat. 1250, 48 U.S.C.A. § 358a, the Secretary of the Interior made an order creating the Hydaburg Indian Reservation, 14 F.R. 7318, and that the defendant's trap site, along with other lands, was included within the boundaries thereof; that the defendant threatens to enter the reservation and engage in fishing for salmon by means of said trap, which incidentally the defendant admits, and that unless enjoined, the defendant will take a great number of salmon from the waters of said reservation.

Section 2 of the Act of May 1, 1936, supra, provides: "The Secretary of the Interior is hereby authorized to designate as an Indian reservation any area of land which has been reserved for the use and occupancy of Indians or Eskimos by section 356 of this title, or by section 14 of the Act of March 3, 1891 (26 Stat. 1101), or section 358 of this title, or which was reserved prior to May 1, 1936, under any executive order and placed under the jurisdiction of the Department of the Interior or any bureau thereof, together with additional public lands adjacent thereto, within the Territory of Alaska, or any other

public lands which are actually occupied by Indians or Eskimos within said Territory:"

Defendant contends that there is a want of equity in the complaint and in support thereof, asserts as follows:

1. The order establishing the reservation is invalid because: (a) the Secretary of the Interior did not comply with the Administrative procedure Act, 5 U.S.C.A. § 1001 et seq., or the established procedures of the Department itself, 43 C.F.R. 50.152, 12 F.R. 6737, particularly in that no notice was given or hearing held and no opportunity afforded the defendant and others adversely affected by the order to file protests and to be heard thereon; (b) it includes tide lands or navigable waters, in contravention of the Act of May 14, 1898, 48 U.S.C.A. § 411, which declares that such lands or waters shall be held by the United States in trust for the future state; (c) it includes lands and waters which had not only not been reserved for the use and occupancy of the Indians by Section 8 of the Act of May 17, 1884, 23 Stat. 26, 48 U.S.C.A. § 356; or by Section 14 of the Act of March 3, 1891, 26 Stat. 1100, 1101, or Section 358 of Title 48 U.S.C.A., or by any executive order placing such lands and waters under the jurisdiction of the Department of Interior or any bureau thereof, but also had never been used or occupied by Indians, in consequence of which the inclusion of such lands in the Reservation contravenes the provisions of Section 2 of the Act of May 1, 1936, quoted above; (d) the lands and waters included in the reservation were not, within the meaning of Section 2 of the said Act of May 1, 1936, "additional public lands adjacent" to any area of land which had prior to May 1, 1936 "been reserved * * * by * * * executive order and placed under the jurisdiction of the Department of the Interior or any bureau thereof" but on the contrary, the lands were, at the time the order creating said reservation was made and for many years prior thereto, a part of the Tongass National Forest, Proclamations Sept. 10, 1907, Feb. 16, 1909, 35 Stat. 2152, 2226, and, hence, their inclusion within said reservation was in violation of Section 2 of said act; and (e) the trap at the site involved in the controversy has been operated since 1926 under a permit issued by the War Department, a license from the Territory of Alaska, and a special use permit from the United States Forest Service, which administers the Tongass National Forest.

2. That even though the order creating the reservation is valid, it cannot limit or curtail the public and common right of fishery.

3. That if a preliminary injunction is granted and the defendant ultimately prevails, it will be unable to recover damages from plaintiff's wards and may not be able to recover from plaintiff, but that if a preliminary injunction is denied and plaintiff finally prevails the damages may not only be recovered from the defendant, in view of its proven financial ability, but may readily be ascertained because trap operators are required by 50 C.F.R. 102.7 to report to the Fish & Wildlife Service the number and species of salmon caught in each trap during the fishing season.

4. That since substantial redress can be made to the plaintiff by the payment of money and since the issuance of a preliminary injunction would subject the defendant to grossly disproportionate hardships, injunctive relief should be denied;

5. That no irreparable damage would ensue to the plaintiff; and

6. That plaintiff has an adequate remedy at law.

From the showing made by the defendant upon this and the previous hearing, it may be inferred that, although plaintiff's wards may themselves decide to operate a trap on the identical site, they have neither constructed nor acquired a trap; and the defendant argues that since, in any event, a trap could hardly be installed and put into operation before the current fishing season ends on September 1, the granting of a preliminary injunction, would be of slight benefit to the plaintiff. Defendant has also shown that if a preliminary injunction is granted, it will suffer great pecuniary loss and hardship because (a) the trap and site involved are an integral part of the defendant's canning operations at

Craig, Alaska, and a source of supply of salmon, without which the operation would be unprofitable and defendant's capital investment of $345,000 in said plant would be impaired; (b) no other comparable site is available; and (c) it has, in connection with making the usual preparations for the operation of its cannery for the current season, expended and incurred obligations totaling $270,000, and has expended $3,500 in reconditioning and installing its trap on the site referred to.

In addition, defendant's showing appears to be sufficient to sustain its contentions 3 to 6 and by its grounds (c), (d) and (e) in support of its first contention, to create grave doubt as to the validity of the reservation order and thus of the very existence of the right asserted.

It should be noted that in seeking a preliminary injunction, plaintiff is chiefly concerned with the loss to its wards of the salmon that defendant's trap would catch rather than with the continuing character of the trespass involved in the taking of the salmon for which, of course, substantial redress could be had by the payment of money. Thus it would appear that, so far as the loss of salmon is concerned, the damage is not irreparable and that there is an adequate remedy at law.

The question, therefore, before the Court is whether in this situation a preliminary injunction should be granted. From the decisions of the Supreme Court, the test appears to be that where the plaintiff's right is not clear or is somewhat doubtful or where the defendant raises grave doubts as to the validity or existence of the right asserted, and the preservation of the status quo would result in far greater loss and hardship to the defendant if the injunction is granted than to the plaintiff if it is issued, and the plaintiff may be adequately compensated in money, a preliminary injunction should be denied. Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972; Harrisville v. W. S. Dickey Clay Mfg. Co., 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208; Mayo v. Lakeland Highlands Cannery Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774; Brown v. Purvin, D.C., 52 F.Supp. 348.

I am of the opinion that the defendant's showing is sufficient to meet this test and that the motion for a preliminary injunction should be denied.