**CROCKETT et al. v. HORTMAN et al.**

Civ. A. No. 3351.

United States District Court

W. D. Louisiana, Alexandria Division.

Nov. 5, 1951.

112

Peterman & Burden, Frank H. Peterman, Alexandria, La., for complainants.

George Sladovich, Jr., New Orleans, La., for defendants and Louisiana State Board of Health.

Allison R. Kolb, Baton Rouge, La., for intervenors.

Before BORAH, Circuit Judge, and PORTERIE and WRIGHT, District Judges.

WRIGHT, District Judge.

The plaintiffs in this action are nineteen ice cream and ice cream mix manufacturers doing business in the State of Louisiana, some of whom are domiciled outside the state. They seek a declaratory judgment declaring Act 441 of 1950 of the Louisiana Legislature, LSA–RS 40:927 to 40:929, illegal, null and void as violative of their rights under the Constitution of the United States as well as the Constitution of the State of Louisiana. Plaintiffs also pray for the issuance of temporary and permanent injunctions restraining the defendants, who are state and parish health officials, from enforcing the provisions of the act. The defendants and intervenors, who are five Louisiana dairy producers and two dairy associations, have moved to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted and on the further ground that the court lacks jurisdiction because this proceeding is against the State of Louisiana. The case is before the court at this time on the motion of the plaintiffs for temporary injunction and the motion of the defendants to dismiss. The evidence submitted has been by affidavit.

Act 441 requires that all milk or milk products used in the manufacture of ice cream, ice cream mix and frozen desserts to be used or consumed in the State of Louisiana be of Grade A milk. The statute further provides that the manufacturers of frozen desserts may obtain from the Louisiana State Board of Health a permit to use non-Grade A milk or milk products when proof is offered that Grade A milk or Grade A frozen dessert mix is not available in sufficient quantities to satisfy the demands of the various markets in the state.

Plaintiffs contend that Act 441 of 1950 is an attempt under the guise of protection of public health to provide a market for the Grade A milk produced by the farmers of Louisiana. They state that all milk or milk products used in the manufacture of ice cream is pasteurized and meets the bacterial count required of Grade A milk, that consequently the use of Grade A milk or milk products in the manufacture of ice cream or other frozen desserts would serve no useful health purpose. They show that although fluid milk used for drinking purposes must be Grade A by various municipal ordinances passed pursuant to state statute there is no such requirement for butter, cheese, evaporated and condensed milk. They contend further that the statute is vague and if given a logical interpretation there would result a discrimination against non-resident suppliers of milk and milk products in that permits to use non-Grade A milk or milk products would not be available to them when there is insufficient Grade A milk or mix to supply the various markets throughout the state. Plaintiffs also allege that the standards set up in the act for determining when a permit to use non-Grade A milk or milk products may be obtained are inadequate and improper and deny the plaintiffs due process of law. In addition plaintiffs maintain that the body of the statute is broader than its title and consequently it is violative of Article 3, Section 16 of the Constitution of the State of Louisiana. They state finally that the enforcement of the statute would result in irreparable injury to their property and would leave them without an adequate remedy at law.

The defendants and the intervenors on the other hand, maintain that the statute violates neither the Constitution of the United States nor the State of Louisiana. They

aver that Act 441 is valid on its face and provides an adequate administrative remedy which the plaintiffs herein have not used.

### Findings of Fact

1. Act 441 of 1950 of the Legislature of the State of Louisiana reads as follows:

### "An Act

"To amend Sub-part B of Part VII of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 by adding thereto four (4) new sections to be known as Revised Statutes 927 through 930 relative to the protection of public health and safety by defining the words 'Ice Cream' and 'Ice Cream Mix' and/or 'Frozen Desserts,' requiring all cream and/or milk and/or milk products, used in the manufacture of 'Ice Cream,' 'Ice Cream Mix,' and/or 'Frozen Desserts' and used or consumed in the State of Louisiana, to meet a certain standard to be required by the Louisiana State Board of Health, providing authority to the Louisiana State Board of Health to allow manufacturers of 'Ice Cream,' 'Ice Cream Mix' and/or 'Frozen Desserts' and handlers of 'Ice Cream,' 'Ice Cream Mix' and/or 'Frozen Desserts' in various markets throughout the State of Louisiana, to use Non-Grade A milk or milk products when Grade A milk or Grade A milk products are not available and providing penalties for violation of this Act, and providing further the date this Act shall become effective.

"Be it enacted by the Legislature of Louisiana:

"Section 1. Sub-Part B of Part VII of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 is hereby amended and re-enacted by adding thereto four (4) sections to be known as R.S. 927 through 930.

"Section 927. The words 'Ice Cream,' 'Ice Cream Mix,' 'Frozen Desserts' and 'Milk Products' shall have the same definitions as are presently in force under the regulations issued by the Louisiana State Board of Health by Authority of R.S. 926 Sub-Part B of Part VII of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 except that all milk or milk products used in the manufacture and/or handling of all Ice Cream, Ice Cream Mix and/or Frozen Desserts to be used or consumed in the State of Louisiana shall be of Grade A milk as classified by the Louisiana State Board of Health.

"Section 928. Provided nothing in this Act shall limit or abridge the authority of the Louisiana State Board of Health to allow by permit, to be issued by the Louisiana State Board of Health, manufacturers and/or handlers of 'Ice Cream,' 'Ice Cream Mix' and/or 'Frozen Desserts' in various markets throughout the State of Louisiana, to use Non-Grade A milk or milk products in the manufacture of 'Ice Cream,' 'Ice Cream Mix' and/or 'Frozen Desserts,' in sufficient quantities necessary to satisfy the demands of the various markets, when proof is offered by the manufacturer and/or handler that sufficient Grade A milk is not available to the manufacturer and/or handler: provided further than manufacturers and/or handlers of Frozen Desserts may use Non-Grade A milk or milk products when no Grade A Frozen Dessert Mix is available to the manufacturers and/or handlers specifications; provided further that all Powdered Frozen Dessert Mixes shall be made of grade A milk or milk products where milk is a necessary constituent of such Powdered Frozen Dessert Mix.

"Section 929. Any person, firm or corporation violating any of the provisions of this Act shall be guilty of a misdemeanor, and shall upon conviction thereof be fined not more than one hundred dollars ($100.00) or be imprisoned for not more than six months, or both fined and imprisoned in the discretion of the Court.

"Section 930. This Act shall become effective twelve months from the date of its enactment by the Legislature of the State of Louisiana.

"Approved by the Governor: July 7, 1950."

2. The regulations promulgated by the Louisiana State Board of Health concerning the grading of milk are contained in Chapter 5, Louisiana State Sanitary Code revised and adopted July 12, 1946. Under these regulations Grade A milk is milk produced under maximum sanitary conditions.

3. The regulations promulgated by the Louisiana State Board of Health concerning the pasteurization and bacterial count of ice cream are likewise contained in Chapter 5, Louisiana State Sanitary Code, and provide as follows:

"Section 1—Frozen Desserts

"A frozen dessert * * * shall be deemed to include ice cream, fruit ice cream, nut ice cream, ice cream mix, frozen custard, milk sherbets, ices or water ices, frozen malt ice cream or frosted malt ice cream, and icicle bars.

\* \* \* \* \* \*

"5. J. 3 Pasteurization. All frozen dessert mix shall be pasteurized. The term 'pasteurized' shall be taken to mean the process of heating every particle of the mix to at least 155° F., and holding at such temperature for at least 30 minutes in approved and properly operated equipment; provided, that nothing contained in this definition shall be construed as disbarring any other process which has been demonstrated to be equally efficient and is approved by the State health authority.

"5. J. 4 Bacterial Count. The average bacterial plate count of the pasteurized mix or of frozen desserts shall at no time prior to delivery exceed 50,000 per gram."

4. The regulations promulgated by the Louisiana State Board of Health concerning the pasteurization and bacterial count of Grade A milk, also in Chapter 5, Louisiana State Sanitary Code, provide as follows:

"5. A. 822 Pasteurization. The terms 'pasteurization,' 'pasteurized,' and similar terms shall be taken to refer to the process of heating every particle of milk or milk products to at least 143° F., and holding at such temperature for at least 30 minutes, or to at least 160° F., and holding at such temperature for at least 15 seconds, in approved and properly operated equipment; provided that nothing contained in this definition shall be construed as disbarring any other process which has been demonstrated to be equally efficient and which is approved by the State Board of Health."

"5. G. 802 Grade A Raw Milk. Grade A raw milk is raw milk produced upon dairy farms conforming with all of the articles of sanitation of these regulations; and the bacterial plate count or the direct microscopic clump count of which does not exceed 50,000 per milliliter, or the methylene blue reduction time of which is not less than 7 hours, as determined in accordance with Articles 5. A. 804 and 5. H. 04."

5. The provisions of the Sanitary Code of the State of Louisiana as above outlined show that while the requirement with reference to bacterial count in Grade A raw milk is the same as the bacterial count requirement for ice cream, the pasteurization of ice cream mix requires heating to at least 155° F., for at least 30 minutes whereas pasteurization when applied to milk requires heating to at least 143° F., and holding as such temperature for at least 30 minutes.

6. There is no statute of the State of Louisiana nor is there a regulation of the State Board of Health which requires milk for drinking purposes to be Grade A although authority is granted by the Sanitary Code to the Parish Boards of Health to make their own grading regulations with reference to milk.

7. The affidavits submitted by the plaintiffs in support of their position tend to show that pasteurization eliminates all impurities from ice cream and consequently a requirement that the milk or mix from which the ice cream is made be Grade A is not in the interest of public health. The affidavits submitted by the defendants on the other hand tend to show that under all circumstances pasteurization alone is not sufficient to ensure a pure and wholesome product, that certain impurities are not reached by pasteurization and that the requirement of Grade A milk or mix would tend to eliminate these impurities.

8. The evidence is in conflict as to whether or not there is sufficient Grade A milk and Grade A ice cream mix available to the various markets in Louisiana at all times to supply the demands of the ice cream manufacturers in the state. The evidence is clear that manufacturers of ice cream who use ice cream mix rather than the fluid milk in preparing their product are obliged to obtain the mix primarily from producers in other states, in none of which is there a

requirement that such mix be made from Grade A milk.

9. The enforcement of the statute will require these plaintiffs to alter to their detriment their current method of operation and may in some cases require many of them to go out of business entirely. Such enforcement would result in irreparable injury to these plaintiffs for which they would have no adequate remedy at law. The Louisiana State Board of Health has indicated that it will enforce the provisions of this statute unless restrained by this court.

10. Act 441 of 1950 provides that it shall not become effective until twelve months from the date of its enactment by the Legislature of the State of Louisiana. The twelve months have run, but there is no urgency requiring its enforcement at this time. No facts have been shown indicating there is a reasonable possibility of the impairment of the public health by reason of the non-enforcement of this statute.

### Conclusions of Law

1. Jurisdiction of this action is properly vested in this Court. 28 U.S.C. § 2281. This is not a suit against the State of Louisiana. The complaint charges that the defendants are public officials of the state threatening to enforce against the plaintiffs a legislative act violative of the federal Constitution. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714. The motion to dismiss should be denied.

2. The business of an ice cream manufacturer, like any other business, is a property right and as such is entitled to protection against state legislation in contravention of the Constitution of the United States. Duplex Printing Press Co. v. Deering, 254 U.S. 443, 465, 41 S.Ct. 172, 65 L.Ed. 349; Truax v. Corrigan, 257 U.S. 312, 327, 42 S.Ct. 124, 66 L.Ed. 254.

3. The police power of a state may be exerted in the form of legislation where otherwise the effect may be to invade rights guaranteed by the 14th Amendment only when such legislation bears a real and substantial relation to the public health, safety, morals or some other phase of the general welfare. Liggett Company v. Baldridge, 278 U.S. 105, 111, 49 S.Ct. 57, 73 L.Ed. 204.

4. The affidavits submitted by plaintiffs and defendants raise a serious question as to the reasonable relationship of the Grade A milk or mix provisions of the statute to public health in view of the Louisiana State Sanitary Code requirement of pasteurization of all ice cream manufactured in the state. These affidavits are further in conflict as to the necessity of the Grade A milk or mix requirement for ice cream in view of the provisions of the Sanitary Code requiring all ice cream mix used in the manufacture of ice cream in the state or to be consumed in the state to have a bacterial count of not more than 50,000 per gram.

5. Without such additional assistance as the development of the facts in a trial on the merits may afford the provisions of the statute purporting to provide for administrative relief are difficult of interpretation. If it then appears that the terms of the statute are so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, these plaintiffs are entitled to permanent protection against its enforcement. Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; International Harvester Co. v. Com. of Kentucky, 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284.

6. Where as here the questions presented by an application for a temporary injunction are grave, and the injury to the moving parties will be certain and irreparable if the application be denied and the final decree be in their favor, while if the injunction be granted the injury to opposing parties, even if the final decree be in their favor, will be inconsiderable, the injunction should be granted. Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972.

7. The determination of the grave constitutional issues presented in this case should not be decided without a trial on the merits, Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6, and a temporary injunction should be issued in order that the status quo may be preserved until that time.