**Dave L. PEARCE, Commissioner of Agriculture and Immigration of the State of Louisiana, Plaintiff and Respondent in Removal,**

v.

**PURE–VAC DAIRY PRODUCTS CORPORATION, Defendant and Petitioner in Removal.**

**Civ. A. No. 2489.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.
Aug. 28, 1961.

Joel B. Dickinson, Baton Rouge, La., for plaintiff and respondent in removal.

Stone, Pigman & Benjamin, Paul O. H. Pigman, New Orleans, La., Martin, Tate & Morrow, W. Emmett Marston, Memphis, Tenn., Watson, Blanche, Wilson, Posner & Thibaut, James F. Pierson, Jr., Baton Rouge, La., for defendant and petitioner in removal.

J. SKELLY WRIGHT, District Judge.

This removed proceeding[1] was originally brought in the state court by the Louisiana Commissioner of Agriculture to enjoin defendant, a Tennessee frozen dessert processor, from selling its products here without complying with the requirements of the Louisiana Orderly Milk Marketing Act, LSA–R.S. 40:940.1 et seq.[2] Invoking Baldwin v. G. A. F. Seelig, Inc., 294 U.S. 511, 55 S.Ct. 120, 79 L.Ed. 632; H. P. Hood & Sons v. Du Mond, 336 U.S. 525, 69 S.Ct. 657, 93 L. Ed. 865,[3] a recent state trial court decision involving some of the same issues,[4] and the prior judgment of this court dismissing an almost identical proceeding less than four months ago,[5] Pure-Vac replies by claiming exemption from the statute under the Commerce Clause and requesting an injunction against the

1. Removal was effected on the basis of diversity of citizenship. The allegation of the motion to remand that the requisite jurisdiction amount is not satisfied because defendant's damages to date do not exceed $10,000 is patently unfounded. It is the value of the right to sell its products in Louisiana which is involved, and it quite obviously meets the requirement. The motion to remand is accordingly denied.

2. While the complaint specifically alleges only a failure to obtain the license required by the Act, LSA–R.S. 40:940.11, there are other more serious regulatory provisions imposed on those subject to the statute. See, e. g., LSA–R.S. 40:-940.3–40:940.10, and LSA–R.S. 40:940.-13 relating to assessments and fees.

3. See also, Eli Lilly & Co. v. Sav-On-Drugs, Inc., 366 U.S. 276, at pages 278–279, 81 S.Ct. 1316, particularly at pages 1318, 1319, 6 L.Ed.2d 288.

4. Pearce, Commissioner of Agriculture v. Schwegmann, Docket No. 382–603, Civil District Court, Parish of Orleans, Louisiana, August 12, 1960. (Unreported.) In this decision, from which no appeal was taken, the District Judge dismissed the Commissioner's injunctive suit against one of Pure-Vac's customers on the express ground that, since "Pure-Vac is not doing business in Louisiana," it need not obtain a license, and its products were therefore not "illegally" imported into the state. However, it appears that the facts before the Judge showed the shipments were made "by contract carrier," which is admittedly not the case here.

5. Pearce v. Pure-Vac Dairy Products Corporation, Civil Action No. 2391, Baton Rouge Division, E.D.La., May 5, 1961. The allegations of the complaint in that case were, in all material particulars, identical to those in the instant suit, and the basic facts were apparently the same.

Commissioner.[6] He, in turn, challenges the interstate character of the transaction, or its immunized status, on the basis of the company's admission that it effects deliveries to its customers here, two local supermarket chains, almost always in a trailer-truck leased by it and operated by its own employees. Defendant retorts that the sales are nevertheless consummated at its plant in Tennessee and that the shipments are made at the risk and expense of the buyers.

On these facts a serious constitutional question is presented. But, as is often the case, there is a threshold question whether the Louisiana Act is, as a matter of state law, applicable in the premises. That determination, of course, is properly one for the local tribunals. See Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152; Louisiana P. & L. Co. v. Thibodaux City, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058. Despite protracted litigation involving the Milk Act,[7] the precise issue presented here appears to remain unresolved.

Accordingly, this court will stay the present proceedings for a reasonable time to afford the parties an opportunity to obtain an authoritative ruling from the courts of Louisiana regarding the proper construction of the statute in the light of the peculiar circumstances of this case and the constitutional implications outlined. In that separate proceeding the state tribunals will, of course, make their own determination of the facts, unembarrassed by the tentative findings sketched here. However, no final adjudication of the federal constitutional questions should be made there. For, while a true construction of the Act may well require taking into account the possible challenges under the Constitution, a proper respect for the principles of our federalism suggests that state courts do not unnecessarily decide federal claims any more than federal courts should pass on purely state law questions.

In the meantime, however, since the questions presented by defendant's application for a temporary injunction are grave and the injury to that party will be certain and irreparable if the application be denied and final decree be in its favor, while if the injunction be granted, the injury to the opposing party, even if the final decree be in its favor, will be inconsiderable, the temporary injunction should be granted. Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972; Borden Company v. McCrory, supra, 169 F.Supp. 200.

Decree accordingly.

However, on submission of defendant's motion for summary judgment, which was ultimately granted, the Commissioner had not contested Pure-Vac's assertion that the shipments there involved had been made by common carrier.

6. Defendant also seeks an adjudication of civil contempt against the Commissioner for allegedly violating the court's order in Civil Action No. 2391, see Note 5, and punishment in the form of an award of damages. In view of the belated admission of different facts with respect to the mode of delivery of its products by Pure-Vac, that suggestion is inappropriate.

Defendant also seeks an injunction against the criminal prosecution of its employee, the driver of the trailer-truck, and the cancellation of his appearance bond, and, finally, the cancellation of the bond posted to release the attachment of the trailer-truck and its cargo. These decisions must await the final outcome of the case.

7. See Borden Company v. McCrory, D.C. E.D.La., 169 F.Supp. 197; Schwegmann Brothers Giant Super Markets v. McCrory, 237 La. 768, 112 So.2d 606, appeal dismissed 361 U.S. 114, 80 S.Ct. 207, 4 L.Ed.2d 154.