HEYMAN MANUFACTURING COMPANY, a corporation, Plaintiff,

v.

ELECTRIX CORPORATION, and Cryogenerators, Inc., Defendants.

Civ. A. No. 2816.

United States District Court
D. Rhode Island.
Nov. 27, 1961.

John H. Chafee, Providence, R. I., Delavan Smith, New York City, for plaintiff.

Edward F. Hindle, Providence, R. I., Donald P. Gillette, Russell G. Pelton, New York City, for defendants.

DAY, District Judge.

This is an action under the patent laws of the United States. In its complaint the plaintiff alleges that it is the owner of Letters Patent No. 2,476,738 for the construction of a solderless blade for electric plug caps, and that the defendants are and have been infringing said patent. The plaintiff seeks an injunction against further infringement, an accounting of profits, damages and costs.

Plaintiff has moved for a preliminary injunction. In its motion the plaintiff alleges that this Court in another civil action, No. 2207, still pending in this Court, held on June 23, 1961 that the patent herein involved is valid and that certain specific blades now being manufactured by the defendants infringe said patent. This motion is supported by the affidavits of counsel for the plaintiff and by its district sales manager.

At the hearing on the instant motion the plaintiff introduced said patent in evidence and rested its claim for a preliminary injunction on the statements contained in said affidavits. It offered no evidence to indicate that it would suffer irreparable injury if the instant motion is not granted.

Defendants, on the other hand, introduced testimony designed to show that they would suffer irreparable injury if such motion is granted.

Plaintiff in effect contends that since said patent has been held to be valid, the only question to be determined by me is whether it has been clearly shown by the supporting affidavits that the defendants are infringing said patent. The defendants, on the other hand, argue that the plaintiff is not entitled to a preliminary injunction because it has failed to show clearly that it will suffer certain and irreparable damages unless said motion is granted.

In their answer to the complaint the defendants, in addition to denying infringement, assert that said patent is invalid because of certain additional prior art that was not made of record in said Civil Action No. 2207.

■ It is generally held in patent cases that a preliminary injunction will not be granted unless the patent is valid and is infringed beyond question, and the record conclusively proves that the defense is a sham. Pacific Gage & Screen Co. v. Continental Gage Corp., 1958, 9 Cir., 259 F.2d 87; Leavitt v. McBee Co., 1942, 1 Cir., 124 F.2d 938. There has been no showing by the plaintiff that the defendants' answer which sets up said additional prior art as a ground for invalidity of said patent is sham, and I am not prepared at this time to conclude that it is sham. That is a matter for later determination. This Court must assume that said answer was signed with an appreciation of the provisions of Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ Moreover, to entitle a plaintiff to a preliminary injunction, it is incumbent upon him to show that he will suffer injury during the pendency of the proceedings, which is certain and irreparable, if the preliminary injunction is denied. Ohio Oil Co. v. Conway, 1929, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972; Celebrity, Inc. v. Trina, 1959, 1 Cir., 264 F.2d 956; Nadya, Inc. v. Majestic Metal Specialties, Inc., 1954, D.C.N.Y., 127 F. Supp. 467. Here the record is devoid of any evidence that the plaintiff may be unable to recover adequate damages from the defendants if it prevails in this suit.

In short, I find that the plaintiff has failed to establish that it will suffer cer-

tain and irreparable injury if the relief it now seeks is denied. Accordingly, the motion for a preliminary injunction must be and it is denied.