Adam A. FALL et al., Plaintiffs,

v.

COPPERWELD SPECIALTY STEEL CO.
and United Steel Workers of America
Local Union No. 2243, Defendants.

Civ. A. No. C 74–75 Y.

United States District Court,
N. D. Ohio, E. D.

June 25, 1974.

Clifford L. Phillips, Warren, Ohio, for plaintiffs.

Daniel P. Thomas, Thomas C. B. Letson, Warren, Ohio, for defendants.

ORDER

CONTIE, District Judge.

Plaintiffs bring this action, seeking a preliminary and permanent injunction against the defendants from resubmitting the issue of plaintiffs' grievances again to arbitration, seeking further that this Court determine that the arbitrator's award, introduced as Exhibit C at the hearing of June 4, 1974, is enforceable by specific performance of the collective bargaining agreement between the defendants for the plaintiffs' benefit, seeking to have this Court order the defendant company to carry out its promise to abide by the decision and the award of the arbitrator, seeking that this Court award plaintiffs interest as prescribed by law on the wages due plaintiffs, seeking that this Court award plaintiffs' attorneys fees and all expenses of trial in the instant action, seeking that this Court award plaintiffs exemplary and/or punitive damages for de-

fendants' malicious acts and wanton disregard of the rights of plaintiffs in the sum of $500,000.00, and requesting this Court to award plaintiffs all other relief to which they may be found entitled.

This Court held a hearing on June 4, 1974, at which it heard testimony and took evidence in regards to the claims of plaintiffs. Upon consideration and for the reasons stated below, plaintiffs' request for a preliminary injunction is hereby denied.

The only witness presented by plaintiff was one Hurrel Nelson. Mr. Nelson testified as to basic background of plaintiffs' case. Late in 1968, a dispute arose between plaintiffs and defendants. The Union filed grievances which were finally submitted to arbitration. On December 13, 1971 the arbitrator rendered a decision in favor of plaintiffs, but remanded the case for further consideration as to the vacancies available, qualifications of the plaintiffs, dates of eligibility, etc. After reconsideration the matter was again submitted to an arbitrator. On May 7, 1973 the arbitrator returned a decision. In said decision the arbitrator determined that plaintiffs were entitled to "be made whole for any loss of earnings they experienced by reason of this violation." Plaintiffs' Exhibit C, page 4, Arbitration Decision No. 107, May 7, 1973.

It appears that the basic contention of the plaintiffs is that the phrase "made whole" is clear on its face, and that the defendant company should be required through this Court to pay the monies due plaintiffs.

Defendants contend that basically this is a question for the arbitrator or umpire. Defendants assert that the question as to what the proper back pay should be is now before an umpire for a decision and that this Court should not issue a preliminary injunction.

Defendant Union also asserts that it has at all times and is now pressing plaintiffs' demands for monies in arbitration, and is always and has always taken the plaintiffs' position in regards to the amount of money due and as to their desire to become maintenance electricians.

 With this factual background, the Court turns to the application of the principles of preliminary injunctions. It is the general purpose of a preliminary injunction to preserve the status quo of parties to a dispute until a final determination of an action can be had after a full hearing. Injunctions are in the nature of a remedy in equity, and their grant or denial is within the discretion of the trial court. The trial court is required to balance the equities of the parties assuming the plaintiff can illustrate that there is a probable right and a probable danger that the right may be defeated unless the injunction is issued. The plaintiff must illustrate that he is in substantial need of protection and that the damage to him if the injunction is denied plainly outweighs any foreseeable harm to the defendant.

It has been interpreted by the courts that the probable rights mentioned above can be protected after a showing by the plaintiff that he is likely to prevail at the trial on the merits. See Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (C.A.2 1953). The Court has found no facts to be present in the instant case which would illustrate that plaintiffs would necessarily or probably be able to carry their case on the merits.

Plaintiffs must also illustrate that there is probable danger that their rights might be defeated unless the injunction is issued. This Court, upon review of the facts of the instant case, finds no showing by plaintiffs that their right or rights might be defeated. It is uncontroverted that the dispute as to what wages plaintiffs are entitled to has gone to an arbitrator, and that plaintiffs will, in fact, receive monies due them upon the decision of the arbitrator. The only question remains as to the precise amount. This question apparently involves where the plaintiffs are placed on the seniority list and to whom they are

compared as far as overtime hours, sick time, etc. Therefore, there does not appear to be any probable danger that plaintiffs' right to back pay will be defeated by any actions of the defendants.

Thirdly, as to weighing the potential harm to be done, this Court is at a total loss as to what harm can possibly come to the plaintiffs from submitting their claims and disputes over back wages to an arbitrator for a final decision.

■ This Court has reviewed plaintiffs' Exhibits B and C, which are the umpire's decisions in regards to plaintiffs' grievances and notes that there is no specific financial amount that is determined to be due the plaintiffs as a matter of right. They are, as quoted above, entitled to be made whole for any loss of earnings. Defendants, Union and Company, both assert that there is an honest good faith dispute as to the exact amount of money that will make the plaintiffs whole. Under the contract which has been submitted and is in the pleadings and marked as Exhibit A to plaintiffs' complaint, disputes that arise thereunder are to be submitted to an arbitrator for a decision. The dispute as to back pay is obviously a dispute that falls within this contract. As stated by the Eighth Circuit:

"The controlling reason for the existence of the judicial power to issue a temporary injunction is that the court may thereby prevent such a change in the relations and conditions of persons and property as may result in irremediable injury to some of the parties before their claims can be investigated and adjudicated. It is a familiar rule of equity jurisprudence that if the questions presented in a suit for an injunction are grave and difficult, and the injury to the moving party will be certain, great, and irreparable if the motion for the interlocutory injunction is denied and the final decision is in his favor, while if the decision is otherwise, and the injunction is granted, the inconvenience and loss to the opposing party will be inconsiderable, or probably may be indemnified by a bond, the injunction usually should be granted." Love v. Atchison, T. & S. F. Railway, 185 F. 321 (C.A.8 1911).

See also Ohio Oil Co. v. Conway, 279 U. S. 813, 49 S.Ct. 256, 73 L.Ed. 972 (1929).

■ This Court can see no irreparable injury and no conditions or relations between the parties that must be protected pending a determination by the arbitrator. Indeed no such factors have been brought to this Court's attention or were brought to this Court's attention in the hearing held on June 4, 1974.

Therefore, this Court having found that plaintiff has failed in its burden of proof to illustrate irreparable injury or to meet the other standards and tests before a preliminary injunction can be issued, the Court in its discretion hereby denies plaintiffs' motion for a preliminary injunction.

It is so ordered.