**CITY OF MIAMI BEACH, FLORIDA et al.**
**v. BENHOW REALTY, Inc., et al.**
No. 12288.

Circuit Court of Appeals, Fifth Circuit.
June 4, 1948.

Vincent C. Giblin, of Miami, Fla., and Ben Shepard, City Atty., and Shepard Broad, both of Miami Beach Fla., for appellants.

Abe Schonfeld, of Miami Beach, Fla., and R. E. Kunkel, of Miami, Fla., for appellees.

Before SIBLEY and LEE, Circuit Judges, and BORAH, District Judge.

LEE, Circuit Judge.

This is an appeal from an order granting a preliminary injunction restraining the City of Miami Beach, until further orders of the court, from enforcing an ordinance against the appellees.

In 1937 the city passed an ordinance, No. 497, which prohibited certain noises (the ones in question being construction noises) within 50 feet of any hotel or apartment building during the period between November 15 and April 1, the winter season of each year. That ordinance remained unchanged until February 4, 1948. On the 10th of November, 1947, the Delano Hotel, Inc., under commission from the Benhow Realty, Inc., obtained a permit from the city to build a hotel upon four vacant lots next to four lots occupied by the National Hotel. It at once began building operations, and in every particular complied with the ordinance then in force. Efforts were made to stop the building, and the police actually arrested several of the workmen, but the complaints were dismissed by the city court on the ground that there had been no violation of the ordinance. In December, 1947, the lessees of the National Hotel sued in the Florida courts for an injunction restraining violation of the ordinance by the Benhow Realty, Inc., and the trial court dismissed the complaint. On appeal the decree of dismissal was reversed by the Supreme Court of Florida and the case was remanded for hearing on the merits. Singer

et al., v. Ben How Realty, Inc., et. al, Fla., 33 So. 2d 409. On February 4, 1948, the city council met and passed an emergency measure, a new ordinance, No. 839, which amended ordinance No. 497 in one respect only—it prohibited construction noises within 50 yards of any hotel or apartment. Within a couple of hours after the passage of this ordinance, the city police arrested all the workmen and brought the work to a stop. On February 5, 1948, the appellees sued in the Florida court for an injunction restraining the city from enforcing the amendment and for other relief. The lessees of the National Hotel were permitted to intervene. On February 6, 1948, following hearing, the trial court ordered that the bill of complaint be dismissed. Plaintiffs, appellees here, appealed. On March 19, the decree of dismissal was reversed by the Supreme Court of Florida, and the case was remanded. Delano Hotel, Inc., et al. v. City of Miami Beach et al., Fla., 34 So. 2d 459. On February 24, 1948, the appellees commenced this action in the court below for an injunction against the City of Miami Beach.[1] The case was heard on appellees' application for a preliminary injunction and the city's motion to dismiss. The trial court overruled the city's motion to dismiss and granted the preliminary injunction. This appeal followed.

In the bill of complaint, appellees alleged:

(a) That the lots upon which the hotel was being constructed under the permit were more than 50 feet from any hotel or apartment or any other building.

(b) That relying on its permit the Delano Hotel, Inc., immediately contracted:

(1) For the sinking of piles in the sum of $32,000;

(2) For supervision of the work in the sum of $75,000; and

(3) For the pouring of concrete and for labor and materials in the sum of $125,000, and that all contractees were engaged in the construction work on February 4, 1948, when the amended ordinance was passed.

---

[1] To show jurisdiction, plaintiffs alleged: "This suit is a civil suit in equity and the matters in controversy and questions involved herein arise under the Constitution and Laws of the United States, as hereinafter specifically alleged, and the matter in controversy exceeds the sum or value of $3,000.00 exclusive of interest and costs."

(c) That contract in excess of $175,000 have been let and over $150,000 has already been expended in the prosecution of the work.

(d) That, notwithstanding notice given to the chief of police of infringements, no person, firm, or corporation engaged in similar construction was molested or arrested following passage of the emergency ordinance, only employees of the appellees were arrested; that appellees by letter advised the city council of the discrimination against them and were advised that the ordinance would be enforced only as against them, their agents and employees.

(e) That the Benhow Realty, Inc., owns a leasehold estate on the lots on which the hotel is being constructed valued in excess of $3,000,000; that under the terms and conditions of the lease, upon commencing the construction of a building, it must under penalty of forfeiture erect and complete it within twelve consecutive calendar months.

(f) That unless the City of Miami Beach is enjoined from enforcing said ordinance No. 839, appellees will suffer irreparable injury, amounting to a taking of their property in violation of the due process clause of the Fourteenth Amendment in that:

(1) The money spent on construction would be lost.

(2) The completion of the hotel within twelve months would be impossible.

(3) They would be subject to a multiplicity of suits on the part of contractors and subcontractors, and each of their employees and workmen under arrest would be subject to a fine of not less than $100 or imprisonment not less than 10 days for violating the ordinance.

The question presented by the city's motion to dismiss is whether the bill was without equity. A bill with practically the same allegations involving these parties and the same issues was before the Supreme Court of Florida on appeal from a judgment sustaining a motion to dismiss in Delano Hotel, Inc., et al. v. City of Miami Beach et al., supra, and that court, in disposing of the matter, said: "Upon an inspection of the bill, it appears that it is not entirely without equity; wherefore the decree appealed from is reversed."

While the action of the State Supreme Court is not binding on us, it is in accord with our views of the bill before us. The granting of a permit to appellees and the expenditure of moneys on the faith thereof, did not tie the hands of the city council of Miami Beach or prevent it from exercising its police power thereafter with respect to the subject matter of the permit, but it did make the ordinance it passed subject to investigation by the courts with a view of determining whether said ordinance "is a lawful exercise of its police power or whether under the guise of enforcing police regulations there had been an unwarranted and arbitrary interference with constitutional rights to carry on a lawful business, make contracts, or use and enjoy property." It is true that the police power of the city is a continuing one and a business lawful today may be unlawful tomorrow and be required to yield to the public good. But the exercise of the police power in a case like this is subject to judicial review; "property rights cannot be wrongfully destroyed by arbitrary enactment," nor may an ordinance "lawful on its face and apparently fair in its terms [be] enforced in such a manner as to work a discrimination." Dobbins v. Los Angeles, 195 U.S. 223, 25 S.Ct. 18, 21, 49 L.Ed. 169.

The motion to dismiss was properly overruled. This brings us to a consideration of the second question: Was the preliminary injunction improperly issued? We think not. The correct rule is laid down in Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972: "Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted. Love v. Atchison, Topeka & Santa Fe R. Co., 8 Cir., 185 F. 321, 331, 332."

The judgment appealed from is affirmed.