Tilda DRONET, through her Next Friend, Claude Comeaux, Appellant,

v.

Knowles TUCKER et al., Appellees.

No. 19353.

United States Court of Appeals
Fifth Circuit.

March 30, 1962.

Phil Trice, Lafayette, La., for appellant.

A. J. Resweber, Knowles M. Tucker, Armentor & Resweber, New Iberia, La., for defendants-appellees, Gerard H. Wattigny, Horace Comeaux and Wilmer Shaw.

Before HUTCHESON, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an interlocutory order denying appellant's motion for a preliminary injunction. Appellant is a nineteen year old unwed mother of a three year old child. The jurisdiction of the federal courts was invoked under 28 U.S.C. §§ 1331 and 1343 [1], and 42 U.S.C. §§ 1983 and 1985 [2], and damages in the amount

---

1. Section 1331(a): "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

Section 1343: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity, secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) * * *."

2. Section 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Section 1985: "(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any

of $500,000.00 are claimed upon allegations that the defendants, the district attorney, sheriff, and deputy sheriffs of New Iberia Parish, Louisiana, acting under color of law, conspired to deny appellant of her right to the undisturbed enjoyment and custody of her child, and that in pursuance of this conspiracy the defendants wrongfully arrested her, detained her in jail without charge, interrogated her, deprived her of access to counsel, and subjected her to coercion which caused her to agree in writing to the adoption of her child, in violation of her civil rights.

In conjunction with her damage suit, which is still pending in the trial court, appellant filed a petition for a preliminary injunction, enjoining appellees from " * * * violating the civil rights of Tilda Dronet by acts designed to coerce her into surrender of custody and control of her child, including arrest, imprisonment, the filing and prosecution of criminal charges, threats and intimidation, and that, in due course, a permanent injunction issue to the same effect."

The trial court heard evidence in support of the prayer for preliminary injunction, and after hearing all of appellant's evidence and declining to hear evidence on behalf of the appellees, denied the requested relief. The testimony in substance reveals a dispute over the custody of appellant's child. It appears that appellant was originally a resident of New Iberia Parish, from whence she removed to a neighboring parish, accompanied by her child. Appellant's father made complaint to the New Iberia Parish officials that the child was being neglected, the sheriff's deputies of New Iberia Parish made one or more sallies into the parish in which appellant was then located, and appellant was by some means persuaded to return to New Iberia Parish, where she was lodged in the jail. While in jail, she was induced to agree to surrender her child for adoption,

and she was taken to a neighboring parish where the child was picked up and later given over to prospective adoptive parents, in whose hands it is still located. Appellant's version of the facts is that her arrest and incarceration were without warrant; that the deputies arresting and incarcerating her were beyond the bounds of their lawful jurisdiction; that bond was never set during a period of three days in which she was held virtually incommunicado; and further, that she was frightened and abused to the extent that she had no choice but to admit the location of, and surrender, her child. It is upon the claim that she is afraid that the appellees will continue to arrest and imprison her if she attempts to regain custody of the child that her petition for preliminary injunction is based.

We are not concerned, on this appeal, with the merits of appellant's claim for damages. Our sole concern is whether the trial court abused its discretion in refusing to grant the preliminary injunction. Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 49 S.Ct. 220, 73 L. Ed. 480 (1929); Mitchell v. Hodges Contracting Co., 238 F.2d 380 (5th Cir. 1956). The petition was given full consideration, and the district judge fully stated his reasons for denying it. We quote from his ruling refusing the temporary relief requested:

" * * * certainly the circumstances of this case clearly do not justify our granting the extraordinary relief of injunctive process. This is true because Federal Courts should not enjoin a state or its officials from instituting criminal action under state laws except where absolutely necessary for the protection of constitutional rights. I find no such necessity here.

"Secondly, the danger here of irreparable loss is neither great nor immediate. Certainly this court can

right or privilege of a citizen of the United States, the party so injured or deprived may have an action, for the re-

covery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

not order the child restored to the mother. That would be the only loss that would be immediate, but that is a matter for the state court to decide. We all understand * * that the plaintiff may * * * go back into Iberia Parish free from being molested and she can use every means available to her, legal means, to obtain the custody of her natural child. All of us understand that the district attorney of the state has the right to proceed legally in his endeavor to have this plaintiff declared an unfit mother and he may legally defend the validity of the relief granted. Those are matters all to be determined in the state court.

"Thirdly, the district attorney has assured us here on the witness stand that he had no intention of using force or intimidation against this plaintiff. I believe him.

"Fourthly, this court, by granting injunctive relief, could afford petitioner no protection which could not be secured by her in a state court proceeding. Our discretion is that for the reasons I have enumerated, the prayer for injunctive relief be denied, it is. I suggest that an intolerable condition would arise if whenever a custody of child case arises and one is about to be charged with violating a state statute in connection therewith or was about to be arrested, if one were permitted to initiate in the federal court the case involving the custody of that child. * * * Specifically, I am finding * * * that I do not believe that there will be any discrimination to coerce this lady to abandon her rights to contest the matters. This is not a case where there is any effort by state authorities to flaunt paramount federal law. Now in refusing to grant the injunction, the prayer therefor is still before me; if anything else happens, if the court deems of any importance, I could always reconsider it. The case, of course, remains on the docket."

We agree with the reasoning of the district judge, and, finding no abuse of his discretion, affirm his order.

Affirmed.