**Peter CALAGAZ, on Behalf of Himself and All Other Members of Marine Engineers' Beneficial Association No. 14, AFL-CIO, Mobile, Alabama, Appellant,**

v.

**C. E. DeFRIES, Individually and as Representative of All Other Members of National Marine Engineers' Beneficial Association, AFL-CIO, Appellee.**

No. 19332.

United States Court of Appeals
Fifth Circuit.

June 11, 1962.

Willis C. Darby, Jr., Mobile, Ala., for appellant.

---

Lee Pressman, New York City, Otto E. Simon, Mobile, Ala., for appellee.

Before HUTCHESON, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This appeal is from an order of the United States District Court for the Southern District of Alabama, denying appellant's motion for a preliminary injunction. The case involves a dispute between National Marine Engineers Beneficial Association, AFL–CIO, hereinafter National, and Marine Engineers Beneficial Association, Local 14, hereinafter Local 14, which is or was originally chartered by National, relative to the internal organization and affairs of National. In addition to the requested preliminary injunction, certain declaratory relief was also sought by appellant.[1]

■ In the month of May, 1960, at a nationwide convention of the National organization, a resolution directing that a referendum among the members be held was purportedly adopted by the convention. The question to be referred to the membership in each District was "whether each District organization shall be established to take the place of the present Subordinate Associations within the District". A complete reorganization program was thereafter submitted to the members, and ostensibly approved by them. In his complaint, however, appellant challenged all acts of the national convention as void, on the ground that certain delegates were not seated; challenged the appointment of a subcommittee to work out the referendum, as a violation of the National constitution;

claimed that the referendum exceeded the authority of the sub-committee; and alleged that the ballots were counted in a dishonest fashion. The prayer was for injunctive relief against certain alleged acts of appellee which are said to constitute "a studied campaign to coerce [Local 14] to accept the questioned referendum", namely: (1) causing or attempting to cause or soliciting members of Local 14 to transfer therefrom to any other organization affiliated with National; (2) refusing to accept dues for forwarding to Local 14 from members thereof; (3) continuing to maintain an office in Mobile, Alabama or at any other place within the territorial jurisdiction of Local 14; (4) taking any action in connection with charges pending against Local 14 and certain named officers thereof; (5) in any other manner attempting to give effect to the proposed plan to abolish Local 14 and other affiliated associations and to create a district organization.

■■ There is no absolute standard by which the discretion of a trial judge is to be guided in determining whether to grant or deny a motion for a temporary or preliminary injunction. His task is to balance the relative conveniences of the parties. If he finds that certain, immediate, and irreparable injury to a substantial interest of the movant will occur if the application is denied and the final decree is in his favor, and that injury to the opponent will be inconsiderable or may be adequately indemnified by a bond, even if the final decree be in his favor, an injunction should issue. Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972

1. Appellant Calagaz brought suit on behalf of himself and all other members of Local 14, seeking relief against J. M. Calhoon individually, as agent of National, as Secretary-Treasurer of National, and as a representative of all other members of National, and against C. E. DeFries individually, as agent of National, and as representative of all other members of National. Motions to quash service and to dismiss the complaint for various reasons not here material were filed, and

after a hearing the trial court entered an order quashing service and dismissing the complaint entirely as to Calhoon, and as to DeFries as an agent of National, but retaining jurisdiction as to DeFries as an individual and representative of all other members of National.

Neither the merits nor the procedural aspects of the suit for declaratory relief is before us on this appeal from denial of a preliminary injunction.

(1929); Rice & Adams v. Lathrop, 278 U.S. 509, 49 S.Ct. 10, 73 L.Ed. 520 (1929); National Lawyers Guild v. Brownell, 96 U.S.App.D.C. 252, 225 F.2d 552 (1955) cert. denied 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. 1457, reh. denied 351 U.S. 990, 76 S.Ct. 1045, 100 L.Ed. 1502; Love v. Atchison, T. & S. F. R. Co., 185 F. 321 (8th Cir. 1911) cert. denied 220 U.S. 618, 31 S.Ct. 721, 55 L.Ed. 612; City of Miami Beach, Florida v. Benhow Realty, Inc., 168 F.2d 378 (5th Cir. 1948). The determination of these matters is to be made by the trial court, not by this one. The narrow question before this court is whether, in reaching the conclusion that the case was not one in which a preliminary injunction should be issued, the trial court abused its discretion. Rice & Adams v. Lathrop, supra; Dronet v. Tucker, 300 F.2d 559 (5th Cir. 1962); Mansfield Hardwood Lumber Co. v. Johnson, 242 F.2d 45 (5th Cir. 1957); Mitchell v. Hodges Contracting Co., 238 F. 2d 380 (5th Cir. 1956).[2]

This is essentially a continuation of a dispute between warring factions concerning the propriety of a reorganization which, rightly or wrongly, has been in actual existence for some time; as with every reorganization, old ways of conducting the affairs of the association have been discarded, and in their places new ones instituted. Whether the new plan of reorganization may properly continue in effect remains for determination on the merits. Mansfield Hardwood Lumber Co. v. Johnson, supra. In our opinion, however, the acts alleged by appellant constitute no semblance of a showing of that character of certainty, immediacy, or irreparability of preponderating harm, hardship, or inconvenience, actual or threatened, required to warrant the issuance of an injunction. A clearer example of the sound exercise of judicial discretion than that which is reflected in the denial of the preliminary injunction sought in the case at bar would be difficult to imagine.

The order of the trial court is Affirmed.

2. We have not been furnished a transcript of the hearing before the trial court on the motion for preliminary injunction, or with findings of fact. Our consideration is limited to the allegations and related evidence appearing in the record. The presumption, however, is that the trial court ruled in accordance with all of the evidence before it. Carter Oil Co. v. Norman, 131 F.2d 451 (7th Cir. 1942); Fraser v. Doing, 76 U.S.App.D.C. 111, 130 F.2d 617 (1942).