156 So.2d 528 (1963)
The CITY OF MIAMI BEACH, Appellant,
v.
SEACOAST TOWERS-MIAMI BEACH, INC., Appellee.
No. 63-100.
District Court of Appeal of Florida. Third District.
October 1, 1963.
*529 Joseph A. Wanick and Ben Shepard, City Attys., Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for appellant.
Scott, McCarthy, Preston & Steel and Phillip Goldman, Miami, for appellee.
Before HORTON, TILLMAN PEARSON, and HENDRY, JJ.
PER CURIAM.
The defendant, City of Miami Beach, appeals from a final decree declaring two sections of its "anti-noise" ordinance void and unconstitutional and permanently enjoining defendant from enforcing them.
Ordinance No. 497 was enacted by the City of Miami Beach in 1937. Its stated purpose was "to control noise and the nuisance thereby created in such a manner as to cause the least hardship or offense to the greatest number of people." The ordinance prohibited certain described noises and restricted certain other noises to specified hours of the day depending upon the type of noise and the season of the year.
In 1948, the city council passed Ordinance No. 839 which amended Ordinance *530 No. 497 and became Section 6 of Ordinance No. 497. Section 6 reads as follows:
"SECTION 6: The `Restricted Noises' included in Groups `A' and `B', as set forth in Section 3 of this ordinance are hereby prohibited within fifty (50) yards of the nearest point of any building occupied as a Hotel or apartment as defined in Ordinance No. 289 of the City of Miami Beach, Florida at all hours during the period of time referred to and described in Section 4 of this ordinance as Period No. 1."
"Period No. 1", referred to in Section 6, extends from December 1st through March 31st.
Sub-section 2 of Section 7 of Ordinance No. 497 provides that "The City Manager shall have the right to waive any or all requirements herein in cases of emergency where the welfare of persons or property may be jeopardized by their strict enforcement."
On or about November 1, 1962 the plaintiff applied for and received a building permit to construct a 238 room, 34 cabana, ocean front apartment building at a projected cost of $2,500,000.00. Construction commenced and sub-contracts for work and materials were executed.
On the morning of December 19, 1962, a police officer of the City of Miami Beach appeared at the construction site and directed that construction work cease until April 1, 1963. The plaintiff's agents were advised that they were violating Ordinance No. 497, as amended, and that if construction was undertaken prior to April 1, warrants would be issued for the arrest of employees of the contractor.
That afternoon, the plaintiff filed a "complaint for injunction and other relief". The complaint alleged that plaintiff had complied with that portion of Ordinance No. 497 which restricted certain construction noises to certain hours of the day; that Section 6 of Ordinance No. 497 was unconstitutional and constituted an unlawful exercise of police power in that it deprived the owner of the right to use his property for a legitimate business activity without having any reasonable relationship to the public health, safety or welfare; that Sub-section 2 of Section 7 of Ordinance No. 497 is invalid and unconstitutional in that it vests in a single municipal officer arbitrary discretion to waive any or all of the requirements of Ordinance No. 497 without proscribing definite rules and conditions for the guidance of said official in the execution of his discretionary power.
Plaintiff sought and obtained a temporary injunction, enjoining the defendant from enforcing Section 6 of Ordinance No. 497. Defendant took an interlocutory appeal from an order denying its motion to dissolve a temporary injunction, which order was affirmed by this court on January 17, 1963.[1] Certiorari was denied by the Supreme Court of Florida.[2]
Upon final hearing, the circuit court entered a final decree declaring Section 6 and Sub-section 2 of Section 7 of Ordinance No. 497 of the City of Miami Beach to be void and unconstitutional. The temporary injunction was made permanent.
Defendant appeals from that final decree contending (1) that the plaintiff failed to show any adverse economic effect upon it as a result of the enforcement of Ordinance No. 497 and therefore, the trial court erred in ruling upon constitutionality of the sections in question and (2) that the plaintiff failed to sustain its burden of proving by competent material evidence the unreasonableness of Section 6 of the ordinance.
Our review of the record and the applicable law convinces us that the final decree *531 must be affirmed. We adopt as part of this opinion, the following language contained in the final decree entered by Judge Harold R. Vann:
"The evidence indicates, and the court so finds, that the ordinance (Section 6) although termed an `antinoise' ordinance, is actually an `antibuilding' ordinance, the practical effect of which is to prohibit the plaintiff from doing any construction during the periods set forth in the ordinance.
"The evidence further indicates that the terms of the section of the ordinance in question are so harsh that for an arbitrary period of one third of the year, the plaintiff is prevented from improving its property because to do so might presumably create noises that would annoy others. In this connection it is interesting to note that the defendant produced no direct or affirmative evidence that residents in adjoining hotels or apartments were actually disturbed by the alleged construction noises.
* * * * * *
"It is elementary that `in order to justify interference by a police regulation with private rights, the interests of the public generally, as distinguished from those of one person or of relatively few, must require such interference.' 6 Fla.Jur., Constitutional Law, Sec. 184, P. 420.
"In the instant case the exercise of police power, from its very nature, clashes with full enjoyment of property by its owner, and, as previously noted, it's only because the welfare of the whole people so far outweighs the importance of the individual that this interference with constitutional guaranties can be justified. The need for the incursion must be clear, and from the evidence adduced at the final hearing in this cause there is no justification for curtailing the plaintiff's construction activities for one third of the year. The forbearance forced on the property owner is entirely out of proportion to any benefit redounding to the public and is unreasonable and unconstitutional. See Town of Bay Harbor Islands, et al v. Schlapik, Fla., 57 So.2d 855. See also, City of Miami Beach v. Benhow Realty, 5th Cir., 168 F.2d 378.
"The court recognizes that at the time of the enactment of the ordinance in 1937, Miami Beach was primarily, and practically exclusively, a winter resort and depended solely upon the tourists who visited the city during the winter months. At that time most of the hotels, apartments, shops and businesses closed after the so-called `winter season'. The evidence here establishes that this is no longer true. Of course, Miami Beach is still a resort area and the `winter season' is still a very important part of its economy. However, it is equally true that the economic character of the community, since the enactment of the ordinance in question, has changed so that `summer', `spring', `fall' and `year round' tourists and visitors play an important part in the economy of the community; and the court so finds.
"Hence, if one assumes, arguendo, that the economic character and life of the City of Miami Beach was a reasonable basis for limiting the months of work as of the time when the ordinance was enacted and amended such reason is non-existent today; and the court so finds.
"Turning now to Sub-section 2, Section 7, of the ordinance, it is apparent that the ordinance may be enforced against some but not against others at the whim and fancy of an administrative official of the city of Miami Beach without any ascertainable standard of guilt and without any ascertainable standard of emergency. *532 Hence said section of the ordinance is unconstitutional in that it delegates to an administrative officer the exercise of arbitrary discretionary power. See Godshalk v. [City of] Winter Park, Fla., 95 So.2d 9; 23 Fla.Jur., Municipal Corporations, Section 90, pp. 114-115.
"The court further finds that it has jurisdiction of the parties and of the subject matter of this action; that the equities of this cause are with the plaintiff; that the plaintiff, by its testimony and evidence, has sustained the material allegations of its complaint; and that the plaintiff will suffer irreparable harm if the injunctive relief sought by it is not granted.
"It is therefore accordingly
"ORDERED AND DECREED as follows:
"1. Section 6 and Sub-section 2 of Section 7 of Ordinance No. 497 of the City of Miami Beach are hereby declared to be void and unconstitutional.
"2. The temporary injunction heretofore entered by this court be and it is hereby made permanent and the City of Miami Beach, its agents, servants and employees, be and they are hereby perpetually and permanently enjoined from enforcing Section 6 and Sub-section 2 of Section 7 of said Ordinance No. 497 against the plaintiff."
It is settled by the concurrence of all relevant authorities that it is a judicial question to be resolved by the courts upon proper presentation whether a particular ordinance is a proper exercise of municipal power, whether the facts of a particular case or situation warrant the assertion of such power, and whether the regulations have a proper and rational relationship to the public health, safety, morals and welfare. In determining the reasonableness or unreasonableness of a municipal ordinance the court should take into consideration the purpose and effect of the ordinance and the circumstances and conditions of the case at the present time. Judicial notice may be taken of material facts of common knowledge.
It is a fundamental premise in appellate precedure that the decree of the lower court comes to us with the presumption of correctness and that the burden is upon the appellant to show that it is erroneous. No error having clearly been shown, the decree appealed must be and the same is hereby affirmed.
Affirmed.
NOTES
[1] City of Miami Beach v. Seacoast Towers-Miami Beach, Inc., Fla.App. 1963, 148 So.2d 554.
[2] City of Miami Beach v. Seacoast Towers Miami Beach, Inc., Fla. 1963, 150 So.2d 443.