**SCHWABACHER et al. v. UNITED STATES et al.**

**Civil Action No. 713.**

District Court, E. D. Virginia.

June 14, 1947.

Robert M. Cooper, of Washington, D. C., and William M. Blackwell, of Richmond, Va., for plaintiffs.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va., Daniel R. Kunkel, Atty., Interstate Commerce Commission, of Washington, D. C., and Edward J. Hickey, Jr., Sp. Asst. to Atty. Gen., for defendants.

J. C. Kauffman, of Cleveland, Ohio, John W. Riely and George D. Gibson, both of Richmond, Va., John C. Shields, of Detroit, Mich., and George H. Gardner, of Washington, D. C., for Chesapeake & O., Pere Marquette, and Alleghany Co., intervening defendants.

John R. Turney, of Washington, D. C., for Wellington & Co., et al., intervening defendants.

Moultrie Hitt, of Washington, D. C., for Sterling, Grace & Co., et al., intervening defendants.

Before DOBIE, Circuit Judge, and BARKSDALE and HUTCHESON, District Judges.

DOBIE, Circuit Judge.

This is a civil action brought by plaintiffs, owners of 2,100 shares of 5% cumulative preferred stock of Pere Marquette Railway Company, to enjoin, set aside, annul or suspend, in whole or in part, an order of the Interstate Commerce Commission approving the merger of the properties and franchises of the Pere Marquette Railway Company into the Chesapeake and Ohio Railway Company for ownership, management and operation.

At a hearing in Alexandria, Virginia, before the three-judge court, we denied the temporary stay sought by plaintiffs. The case is now before us, upon a motion of defendants to dismiss, on its merits. We think this motion must be granted.

Plaintiffs do not seek to set aside the merger, nor do they deny that the merger is in the public interest. They do claim, however, as set out in their complaint: "Failure to include protection for plaintiffs as dissenting shareholders, as a distinct class created by the merger is contrary to law and a direct violation of the Commission's statutory duty to impose just and reasonable conditions for the protection of all interests involved."

■ The Transportation Act of 1920, as amended, Section 5, 49 U.S.C.A. § 5, requires that the terms and conditions of the merger be "just and reasonable." The Commission filed a long and elaborate opinion dealing with all the relevant issues in this case. One peculiarly pertinent paragraph is as follows:

"Accordingly, considering the Pere Marquette's investment according to its books, other property values, the Company's history as to earnings, its future prospects, and the market appraisal of its stocks, all as set forth above, we find that, as to the stockholders of both parties generally, the proposed ratios of exchange, stock issues and assumptions of indebtedness, are just and reasonable."

Our conclusion is that this finding is within the powers of the Commission, it is based on substantial evidence, and is in accord with accepted legal standards. We think the Commission fully complied with all its statutory duties. That finding is, therefore, binding on us.

■ Reduced to its lowest terms, the case of the plaintiffs here seems to be based on the theory that dissenting stockholders (quite apart from any merit in the grounds of dissent) are entitled to preferential treatment, more favorable than the treatment accorded to stockholders of the same class (holding the same securities) who did not dissent but agreed to the conditions in the merger agreement; and, as a consequence, if the Commission does not grant such preferential treatment to the dissenting stockholders, a three-judge district court is justified in setting aside or modifying the order of the Commission. We know of no case sustaining this (to us) novel principle. We think, further, this theory has no support in practical economics or in commercial ethics.

As we read the opinion of the Commission, it did not attempt to pass upon what rights, if any, dissenting stockholders might have under the laws of the several States. It specifically left Pere Marquette and Chesapeake & Ohio "free to settle controversies with dissenting stockholders through negotiation and litigation in the courts." We adopt a like course. Nothing in our opinion is to be interpreted as in any way determining, affecting or prejudicing these rights, whatever they may be.

The motion of the defendants is granted and the civil action of the plaintiffs is dismissed.

Dismissed.