Gordon D. STOTT and Paul W. Zeckhausen, a Protective Committee for Minority Stockholders of The Nashville, Chattanooga and St. Louis Railway, Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

and

Louisville and Nashville Railroad Company and The Nashville, Chattanooga and St. Louis Railway, Intervening Defendants.

United States District Court
S. D. New York.
Aug. 27, 1957.

Fennelly, Eagan, Nager & Lage, New York City, Newell Blair, Washington, D. C., Charles Nager, New York City, of counsel, for plaintiffs.

Paul W. Williams, U. S. Atty., New York City, Southern District of New York, Harold J. Raby, Asst. U. S. Atty., New York City, of counsel, for defendants United States of America and Interstate Commerce Commission.

Cravath, Swaine & Moore, New York City, W. L. Grubbs, R. W. Henriott, Joseph L. Lenihan, Louisville, Ky., William H. Swiggart, Nashville, Tenn., Bruce Bromley, W. L. Grubbs, Louisville, Ky., of counsel, for intervening defendants.

FREDERICK VAN PELT BRYAN, District Judge.

Plaintiffs, alleging that they constitute a protective committee for minority stockholders of the Nashville, Chattanooga and St. Louis Railway, sue to enjoin and set aside an order of the Interstate Commerce Commission authorizing the merger of the Nashville, Chattanooga and St. Louis Railway with the Louisville and Nashville Railroad Company. They seek the designation of a three judge court to hear and determine the action pursuant to 28 U.S.C. §§ 2325 and 2284, a temporary restraining order staying the merger order pending hearing by the three judge court, a preliminary injunction by the three judge court pending its final determination, and a permanent injunction against enforcement of the merger order.

The plaintiffs' attack on the merger order is directed to the provision of the order which sets the exchange ratio of the common stock of the merging companies at one and one-half shares of Louisville and Nashville for one share of Nashville, Chattanooga. Plaintiffs assert that this exchange ratio is unjust to the Nashville, Chattanooga stockholders and unreasonable, and is not supported by, and, indeed, is contrary to the evidence in the record before the Commission. They further assert that the Commission improperly excluded relevant and material evidence bearing on the exchange ratio issue. They claim that the ratio should be two to one instead of one and one-half to one, as the merger order provides.

Defendants United States and Interstate Commerce Commission have appeared in the action and the merging railroads have been permitted to intervene as parties defendant by order of this court, and have filed an answer to the complaint.

Plaintiffs now have brought on before me, by a somewhat inartistically drawn notice of motion, an application which I shall treat as one for a preliminary injunction to restrain the defendants from putting the merger order into effect pending final determination and for the designation of a three judge court to hear and determine such motion and presumably to determine the suit. Plaintiffs also seek an order temporarily restraining the execution and enforcement of the Commission's merger order pending hearing by the three judge court to prevent alleged irreparable damage to their interests.

On the argument of the motion before me counsel for the defendants and for the intervening defendant railroads, both conceded that the plaintiffs were entitled to have a three judge court designated under 28 U.S.C. § 2325. This section provides that an interlocutory or permanent injunction restraining the enforcement operation or execution of an order of the Interstate Commerce Commission shall not be granted unless the application is heard and determined by a three judge court under Section 2284. The suit is plainly one which comes within the purview of Section 2325. While the intervening defendants refer to the "dubious" status of the plaintiffs and

their "doubtful" capacity to sue, this point has not been pressed, and no motion has been made to dismiss on this ground. Cf. Moffat Tunnel League v. United States, 289 U.S. 113, 53 S.Ct. 543, 77 L.Ed. 1069; Alleghany Corp. v. Breswick & Co., 353 U.S. 151, 173, 77 S.Ct. 763, 1 L.Ed.2d 726. It appears that plaintiffs are entitled to have a three judge court designated to hear and determine their application.

I have therefore notified the Chief Judge of this Circuit of plaintiffs' application as provided by Section 2284(1) and the Chief Judge by order dated August 21, 1957, has designated the two other judges who, with the district judge to whom the application was presented, will constitute the three judge court.

This leaves for consideration plaintiffs' application for an order temporarily restraining defendants from putting the merger order into effect pending hearing by the three judge court.

Plaintiffs allege that if the merger order, now effective as of August 15, 1957, is permitted to go into effect, and steps to accomplish the merger are taken thereunder, the stockholders whom they represent will suffer irreparable damage.

The intervening defendants, on the other hand, assert that no irreparable damage can result to the minority, that the Louisville and Nashville will suffer irreparable damage if a restraining order is issued, and that, in any event, plaintiffs are not entitled to this relief because of their failure to pursue available remedies with diligence. Counsel for the Commission and the Government have taken no position on this portion of plaintiffs' application except to call to the attention of the court facts which they deemed significant.

Under Subdivision 3 of Section 2284 the district judge, to whom an application is made for an interlocutory injunction required to be heard by a three judge court, may grant a temporary restraining order to prevent irreparable damage. Subdivision 3 goes on to provide that such order

"shall contain a specific finding, based upon evidence submitted, to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted."

A temporary restraining order against the enforcement of the order of a governmental agency is a drastic remedy and will not be granted except upon a strong showing of necessity and desirability. Plaintiffs must show that specific, probable and irreparable damage will result if a stay is not granted. The court in exercising its discretion as to whether to grant such relief, will take into account all the circumstances, including possible injury to the opposing parties were a stay granted. Youngstown Sheet & Tube Co. v. Sawyer, D.C.D.C., 103 F. Supp. 978, 980; Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972; Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L. Ed. 774; Public Service Commission v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291; Schwabacher v. United States, D.C.E.D.Va., 72 F.Supp. 560, reversed on other grounds 334 U.S. 182, 68 S.Ct. 958, 92 L.Ed. 1305; Id., D.C., 104 F.Supp. 875.

On this application plaintiffs have not presented any convincing evidence that irreparable damage will result to them if a restraining order is not granted, and certainly have not shown enough to support the specific finding to that effect required by Section 2284(3). Moreover, other facts and circumstances present here militate against granting of relief to the plaintiffs at this time. I will therefore deny this branch of their application.

The merger order of the Commission which is here under attack was dated March 1, 1957, effective forty days from its date, on April 9, 1957.

Prior to this effective date the City of Nashville filed a complaint in the United States District Court for the Middle District of Tennessee, seeking to set aside the order on a variety of grounds, and asking for the designation of a three

judge court to hear and determine the suit.[1] The city also applied for a temporary order staying the operation of the order of merger pending a hearing and determination of the issues by the three judge court. This application was granted, a three judge court was duly designated, and a temporary restraining order was issued. The State of Tennessee, the Tennessee Public Service Commission, a local county claiming to be affected, and the representatives of employees of the merging railroads intervened as plaintiffs, and the merging railroads intervened as defendants. The matter was heard before the Statutory Court, which, on May 24, 1957, unanimously affirmed the order of the Commission and dismissed the complaint. The court found the findings of the Commission full and complete and supported by the evidence, that the findings formed sufficient basis for the order of merger, and that no grounds have been shown which would justify setting the order aside.

Plaintiffs appealed to the Supreme Court pursuant to 28 U.S.C. § 1253 and their appeal has not yet been heard. An application by plaintiffs to the Statutory Court for a stay of the merger order pending review by the Supreme Court was denied unless a bond of $100,000 was posted. No such bond was furnished. An application was then made to Mr. Justice Brennan of the Supreme Court for a stay without requiring a bond, and this application was denied on August 19, 1957.

The plaintiffs in the case at bar who had appeared and participated in the proceedings before the Interstate Commerce Commission did not intervene in the Tennessee suit, nor did they make any effort to do so. While the issues presented in the instant case were neither heard nor passed upon by the Tennessee Statutory Court, had plaintiffs here intervened in that suit the questions now about to be presented to the Statutory Court in this district would have been disposed of in Tennessee at the same time as the other issues raised in that litigation, and would have been before the Supreme Court for review when it considered the presently pending appeal.

Instead of intervening in Tennessee, however, plaintiffs chose to petition the Commission for reconsideration of the provisions of the merger order which affected them, though this was not a step in the administrative process essential to the preservation of their rights. The Commission denied their petition for reconsideration on July 10, 1957, and its order of denial provided that the merger order of March 1, 1957, would be effective thirty days after service on plaintiffs. The order became effective on July 15, 1957 and the denial of a stay by Mr. Justice Brennan on August 19 followed.

Plaintiffs' claim in the instant suit that irreparable damage will result to them unless a further stay of the merger order is granted at this juncture, is based upon the premise that if the exchange of stock between the Louisville and Nashville and the Nashville, Chattanooga is carried out it will be impossible to unscramble the situation should they succeed in this litigation. They argue further that, once the merger has been consummated, there is no power either in the court or in the Commission to require the Louisville and Nashville to issue such additional shares as the minority stockholders of the Nashville, Chattanooga might become entitled even if it were practically feasible to unscramble the exchange.

These apprehensions appear to be unjustified. Plaintiffs do not attack the merger itself but only those limited provisions of the merger order which relate to the exchange of stock. There is no reason why, if the Statutory Court should so determine, the Commission cannot be directed to modify its merger order so as to provide increased participation to the Nashville, Chattanooga minority. The Commission has the power to modify its merger order accordingly. 49 U.S.

1. City of Nashville, Tennessee v. United States of America and Interstate Commerce Commission, D.C., 155 F.Supp. 98.

C.A. § 5(2, 3). See Schwabacher v. United States, supra, 104 F.Supp. 875.

If such an order should be made there is ample Louisville and Nashville common stock held in the treasury of the company which can be issued to satisfy any obligations there may be to the comparatively small minority of Nashville, Chattanooga former stockholders who could be entitled to additional participation. Counsel for the merging railroads stated on the argument that if and when the new Louisville and Nashville stock was exchanged for the Nashville, Chattanooga stock it would be accompanied by a due bill entitling the holders to any increased participation to which they might become entitled. Thus, the stockholders whom these plaintiffs represent do not appear to require a stay to protect them.

The situation here is quite different from that presented in Breswick & Co. v. United States, D.C.S.D.N.Y., 134 F. Supp. 132; Id., D.C.S.D.N.Y., 138 F. Supp. 123, reversed on other grounds, Alleghany Corp. v. Breswick & Co., 353 U.S. 151, 173, 77 S.Ct. 763, 1 L.Ed.2d 726, on which plaintiffs rely. There a preliminary injunction was issued by a statutory court to protect the interests of the common stockholders against the issuance of preferred stock under an order of the Interstate Commerce Commission pending the final determination of the suit to set such order aside. The ground on which the preliminary injunction was issued was that once the preferred stock was issued and inevitably in many cases reached the hands of bona fide purchasers, unscrambling in the event of a determination setting aside the Commission order would be a practical impossibility. As I have pointed out such problem presents itself in the case at bar.

On the other hand the claim of the intervening defendants that delay in effecting the merger would cause it irreparable damage appears to have some substance. The finding of the Commission that savings of some three and one-quarter million dollars per annum might be expected from the merger lends support to the claim that delay would cost Louisville and Nashville some $10,000 a day. Such damage might well be irreparable since there is no showing of any means of recoupment of sums accruing at such a rate by the railroad.

Finally, the failure of the plaintiffs to intervene in the prior suit before the Statutory Court in Tennessee, where these issues might well have been determined with a minimum of time and inconvenience to the court and litigants, indicates that a further stay is not justified. The absence of plaintiffs from that proceeding when they could have become active parties does not tend to balance the equities on this application in their favor.

What has already been said makes it unnecessary to pass on the question of whether plaintiffs have made a sufficient prima facie showing of the merits of their suit to support a temporary restraining order.

Plaintiffs' application for a temporary restraining order is denied. The order of Chief Judge Clark designating the judges to constitute the Statutory Court has been filed. Settle order on notice.