CAROLINA AND NORTHWESTERN RAILWAY COMPANY, Atlantic and East Carolina Railway Company, State University Railroad Company, and Southern Railway Company, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 2219.

United States District Court
W. D. North Carolina,
Charlotte Division.
April 20, 1964.

an actual use would have to be proved to establish the purpose of the sale, is too attenuated, if not self-contradictory.

Hugh B. Cox, Henry J. Karison, Washington, D. C., George H. Ward, Asheville, N. C., for the Southern Railway Co.

Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., for the United States.

R. Wray Henriott, E. R. Leigh, Louisville, Ky., Thomas A. Lockhart, Charlotte, N. C., for the Louisville & Nashville Railroad Co.

CRAVEN, Chief Judge.

The above-captioned matter was heard in Charlotte on April 16, 1964, on the motion of plaintiffs for a temporary restraining order to restrain the enforcement of an Order issued by the Interstate Commerce Commission on September 11, 1963, to become effective on April 27, 1964. The action was brought to set aside and annul the I.C.C. Order which changes the division of revenues between the plaintiffs on the one hand and Louisville and Nashville Railroad Company on the other. The effect of the I.C.C. Order is to increase L & N's share by an estimated $582,000.00 per annum. The more favorable division to L & N will begin as of April 27, 1964, unless restrained by this court.

With commendable candor counsel for plaintiffs concede that there is no irreparable injury to justify the issuance of a temporary restraining order except the cost to plaintiffs of establishing and operating a different accounting system, which is estimated to be $13,000.00 for the first year and $6,000.00 per annum thereafter. If this be deemed irreparable injury, it is counterbalanced by the detriment to L & N which will result from delaying payments otherwise due L & N at the estimated rate of approximately $49,000.00 per month. Interest on such amount is not disclosed but would appear to be substantial. Whether interest could or would be allowed by the three-judge court to be convened is a matter of conjecture.

Technically speaking, the suit is between the plaintiffs and the United States of America. Actually, it is between Southern Railway and L & N. The United States has no interest in the matter except to vindicate an Order entered by the I.C.C. Certainly that Order is entitled to initial respect. Until the matter can be heard by a three-judge court and the record before the I.C.C. studied, it is a waste of time to speculate on the merits. Plaintiff has shown no probability of ultimately prevailing and no likelihood of irreparable injury that outweighs the detriment that may result to the party who would be denied relief by the entry of a restraining order. Comparison of injuries to the parties is a sounder approach than trying to weigh the likelihood of success. But neither criterion operates in this case to make the issuance of a restraining order equitable.

Having heard the arguments of counsel and having considered the affidavits and the pleadings, and being of the opinion that a temporary restraining order ought not to issue,

It is therefore ordered, adjudged and decreed that the motion of the plaintiffs for a temporary restraining order suspending and restraining the operation, enforcement and execution of the Order of the Interstate Commerce Commission, dated September 11, 1963, as modified by its Order of March 4, 1964, be and it hereby is denied; provided, however, that the denial of the foregoing motion, with the consent of L & N, is conditioned upon the following:

1. That in the event plaintiffs are successful in perpetually enjoining and permanently setting aside the Order of the Interstate Commerce Commission of September 11, 1963, as modified by its Order of March 4, 1964, intervening defendant, the Louisville and Nashville Railroad Company, will resettle its accounts with the Southern Railway Company et al., defendants in the proceedings before the Commission, on the traffic covered by the orders of the Commission, on the basis of the present divisions on all shipments made on and afted April 27, 1964, with interest at the

rate of six per cent per annum on the monthly differences between the two divisional bases from the customary accounting monthly settlement dates.

2. The question whether and to what extent the intervening defendant may be required to bear the accounting changeover expense of the plaintiffs in the event plaintiffs are successful in perpetually enjoining and permanently setting aside the Interstate Commerce Commission's orders aforesaid is reserved by the court for further consideration when and if appropriate.

See: Barron & Holtzoff, Federal Practice and Procedure, Sections 1432 and 1433: Acme Fast Freight, Inc. v. United States, 135 F.Supp. 823 (D.C.Del.1955); Cincinnati, New Orleans & Texas Pacific Railway Co. v. United States, 220 F. Supp. 46 (S.D.Ohio 1963).