**BRASWELL MOTOR FREIGHT, INC. and West Brothers, Inc., Plaintiffs,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

**Bell Transfer Company, Inc. a corporation, Intervening Defendant.**

**Civ. A. No. 2314.**

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Feb. 28, 1969.

---

J. Wesley Watkins, III, Douglas C. Wynn, Greenville, Miss., for plaintiffs.

Joseph E. Brown, Asst. U. S. Atty., Jackson, Miss., for defendant, United States of America.

Robert Ginnane, General Counsel, Stephen Kazan, Attorney, Interstate Commerce Commission, Washington,

D. C., for defendant, Interstate Commerce Commission.

Ben H. Stone, Eaton, Cottrell, Galloway & Lang, Gulfport, Miss., John P. Carlton, Bishop & Carlton, Birmingham, Ala., for intervening defendant, Bell Transfer Co., Inc.

NIXON, District Judge.

This action is brought by plaintiffs by Complaint filed against the defendants, United States of America and The Interstate Commerce Commission and is an action filed pursuant to and under the provisions of 28 U.S.C. §§ 1336, 1398, 2284, 2320–2325. Plaintiffs seek the suspension, annulment and setting aside of an order that defendant, Interstate Commerce Commission, entered on November 22, 1968 and served December 3, 1968 in Docket No. MC–97310 (Sub-No. 5). By the above order, the Commission, Division 1, acting as an Appellate Division, denied plaintiffs' petitions for reconsideration and further hearing, and thus affirmed the prior Decision and Order of the Commission, Review Board No. 4, entered July 12, 1968 and served July 19, 1968. In the above Decision and Order, the Commission affirmed and adopted the Report and Order recommended by the Commission's hearing examiner on February 13, 1968, and held that the Bell Transfer Company, Inc., the applicant therein, and intervenor herein, had shown and proved that the public convenience and necessity authorized and warranted the granting of his application for a Certificate of Public Convenience and Necessity.

In their Complaint, plaintiffs seek the designation of a Three Judge Court to hear and determine this action pursuant to 28 U.S.C. sec. 2284(1), which court has now been designated. By motion contained therein, plaintiffs request a temporary restraining order to prevent issuance of Bell's Certificate pending determination of this matter by the designated Three Judge Court in order to prevent irreparable injury and damage to plaintiffs, in accordance with 28 U.S.C. sec. 2324.

Although the Complaint and Motion for a Temporary Restraining Order was filed with this Court within thirty days of the service of said Final Order, due to the press of other matters, counsel for plaintiffs and for the defendant, Interstate Commerce Commission have agreed that the Commission will refrain from issuing the Certificate to Bell until this Court decides whether or not to grant the Motion for a Temporary Restraining Order.

The defendant, Interstate Commerce Commission, has found and decided that public convenience and necessity require operation by Bell Transfer Co., Inc., an Alabama Corporation, as a motor common carrier of general commodities in interstate or foreign commerce over a regular route between Demopolis, Alabama and Vicksburg, Mississippi, and that portion of the commercial zone of Vicksburg, Mississippi lying solely within the State of Mississippi,[1] with service to all intermediate points. In addition to the authority sought by Bell and granted by the Commission to operate between the Bell territory in Alabama and points in Mississippi on U. S. Highway 80, Bell sought the Certificate of Public Convenience and Necessity under Section 207 of the Interstate Commerce Act, 49 U.S.C. sec. 307, extensive with a Certificate of Registration held by it under Section 206(a) (6) [49 U.S.C.A. Section 306[a] [6]] of the Act. Prior to its extension of its authority into Mississippi the entire Bell operation has been conducted within the State of Alabama, and therefore it was entitled to a Certificate of Registration under Section 206(a) (6), but its entitle-

---

1. Although the original application of Bell sought to serve the Vicksburg, Mississippi area without restriction, which would have extended its authority to operate into the State of Louisiana, its application was subsequently amended and restricted to preclude any request for authority to service any points within the State of Louisiana which are within the commercial zone of Vicksburg, Mississippi, and the Order of the Commission was accordingly restrictive.

ment to such a Certificate will lapse simultaneously with issuance to it of authority to conduct operations in the State of Mississippi. Thus, Bell established by proof of past operations a need for the continuance of its service under Section 206(a) (6) on a certificated basis.

The application of Bell was protested before the Commission by the plaintiffs Braswell and West as well as by Deaton, Inc. and Red Ball Motor Freight, Inc.; however, while this matter was being heard before the Commission, the protest of Red Ball was withdrawn and apparently Deaton has abandoned its opposition to the granting of this Certificate in question. The plaintiff Braswell Motor Freight, Inc., offered no evidence whatsoever in the hearing before this Court, but the Court will consider that Braswell is still a plaintiff seeking the relief requested in the Complaint based upon the record made before the defendant Commission. The plaintiff West Brothers, Inc. did present oral and documentary evidence in this hearing and this will be discussed below. The Court notes, however, that although plaintiffs now ask the Court to restrain the Commission from issuing the Certificate in its entirety to Bell, plaintiffs, before the Commission admitted (1) that there is a public need for the new service of Bell as far west as U. S. Highway 80; and (2) that the portion of the application dealing with Bell's former Certificate of Registration under Section 206(a) (6) of the Act should be granted.[2]

There is now before the Court solely the question of whether or not the evidence and the law entitle the plaintiffs to a Temporary Restraining Order, sus-

pending, in whole or in part, the operation of the ICC's order pending the final hearing and determination of this action, pursuant to 28 U.S.C. §§ 2284(3) and 2324. It is first necessary to look to the Statute which creates this right of action and establishes the guideline or criteria for the decision of the District Judge who is requested to issue a Temporary Restraining Order. Title 28, Section 2284(3) U.S.C.A. provides:

"In any case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court. It shall contain a specific finding, based upon evidence submitted to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted."

The case law establishes the premise that the order entered by the defendant, Interstate Commerce Commission is entitled to initial respect. Carolina and Northwestern Railway Company, et al. v. United States of America, 230 F.Supp. 581, 582 (U.S.D.C.W.D.N.C. 1964). Stated another way, the Commission is presumed to have properly performed its official duties, and this presumption supports its actions in the absence of clear evidence to the contrary. This presumption stems from the deference due the Commission because of its familiarity with the conditions of the industry which it regulates; however, the order must be supported by substantial

---

2. On page 4 of the Exceptions of protestants below, Braswell, et al., filed April 10, 1968, the following appears: "In carefully reviewing the supporting witness' statements these protestants have come to the conclusion that applicant has, indeed, proved a need for direct service between Demopolis, Alabama, and Meridian, Mississippi, via U.S. Highway 80. These exceptions, therefore, are aimed only at the recommended grant of authority to operate between Meridian and Vicksburg via U.S. Highway 80 and not to any other portions of the recommended order." Also, the following language appears on page 2 in the Petition for Reconsideration of the Order of Review Board No. 4 filed July 29, 1968: "By this petition, protestants request Division One to reconsider said action only with respect to the resulting Meridian-Vicksburg authority."

evidence and must be made within the statutory limits placed upon the Commission's powers by Congress. Eastern Central Motor Carriers Association v. United States of America, 239 F.Supp. 591, 594 (U.S.D.C.D.C.1965). It has been held that the stay of an Order of an administrative agency may be granted when the following conditions are met: (a) where the petitioner is likely to prevail on the merits of its appeal; (b) where the petitioner has shown that without a stay it will suffer irreparable injury; (c) where there is no substantial harm to other interested persons; and (d) where the public interest will not be harmed. Eastern Airlines, Inc., et al. v. Civil Aeronautics Board, 261 F.2d 830 (2d Cir., 1958), [cases cited].

With the above basic principles in mind, it is our duty to review the record and the conclusions reached, as required by the provisions of the Administrative Procedure Act, with the full realization that we are not now deciding this case on its merits, but are determining whether or not plaintiffs are entitled to the issuance of a Temporary Restraining Order, *pendente lite*.

As stated above, only the plaintiff, West Brothers, Inc., presented any evidence bearing upon the issue of whether or not it will suffer any irreparable damage unless the Order of the defendant Commission granting a Certificate of Public Convenience and Necessity under the Interstate Commerce Act to the intervenor, Bell, is stayed pending the determination of this case. West's evidence consists of its balance sheet as of December 31, 1968 (Exhibit P-1) and its operating statement as of December 31, 1968 (Exhibit P-2), together with the affidavit of its Executive Vice-President and General Manager, W. Nelson Innis, which is attached to the Complaint filed herein as Exhibit "L" and which it is stipulated is to be considered by the Court as part of his direct testimony, and the testimony of Mr. Innis before this Court. Mr. Innis testified in accordance with Exhibit P-2 that West Brothers had sustained a net loss of $363,198.-63 during the year ending December 31, 1968. Furthermore, West Brothers, Inc. holds authority from the Interstate Commerce Commission to render transportation service as a common carrier by motor vehicle transporting general commodities over regular routes between Birmingham, Montgomery, Mobile, Selma and other points in Alabama, Memphis, Tennessee, New Orleans, Louisiana and a multitude of shipping points to an area of South and Southeastern Mississippi, bounded roughly on the north by U. S. Highway 90 and on the west by U. S. Highway 51(I-55) and the Mississippi-Louisiana State Line; that in rendering said service it maintains over two hundred road, city and pickup and delivery vans and tractors, over four hundred forty forty-five foot trailers, and maintains terminals in Memphis, Tennessee, Mobile, Montgomery, Selma and Birmingham, Alabama,[3] New Orleans, Louisiana and Gulfport, Hattiesburg, Jackson, Laurel, Meridian, Pascagoula, Picayune, McComb and Brookhaven, Mississippi. West employs 325 drivers all of whom are members of the Teamsters Union, and 475 non-driver employees.

West Brothers' present investment in its tractors and trailers amounts to $2,-117,000.00, and it pays $15,743.00 per month as rental on its terminals in New Orleans, Mobile, Hattiesburg, Gulfport, Pascagoula, Birmingham and Memphis and thus has a substantial leasehold investment in its parking area, ships and terminals; its weekly payroll amounts to approximately $110,000.00. It was his further testimony that West Brothers is presently running at less than capacity from its Memphis, Birmingham, Montgomery, Mobile, Selma and New Orleans

---

3. However, on cross-examination, Innis testified that at the time that he testified in this matter before the defendant, Interstate Commerce Commission, for a period of two days, that West Brothers had no terminal at Selma, Alabama but opened one in June, 1968 after the findings and recommendations of the Examiner were filed and before affirmance by the Review Board.

terminals to points in the area sought to be served by Bell Transfer Company, Inc., and its equipment is not presently being utilized to the fullest extent possible. The witness further stated that should the Certificate in question be issued, West will suffer a dilution of its freight because of increased competition, and that there are already some thirteen carriers certificated to render service between the points involved in the application in question in addition to the interest of West Brothers which presently "has to fight for every pound of freight which it carries." Mr. Innis further testified that the addition of another carrier would reduce West's opportunity to secure even more of this freight. A reduction in its present volume of freight would force it to lay off drivers, thus jeopardizing the good will and good employer-employee relationship which it has built up over the years and presently enjoys; and finally, the loss in revenues as a result of the increased competition should the Certificate issue could never be recouped by West Brothers and would be highly detrimental to its financial position, inasmuch as it would cause immediate and irreparable harm, damage, and injury, and jeopardize its entire operation.

On cross-examination, Mr. Innis conceded that the intervenor, Bell Transfer Company, Inc., had "made its case" between Alabama and Meridian, Mississippi and between all points in Alabama. On both direct and cross-examination he admitted that the only part of the Order of the Interstate Commerce Commission which West is challenging and protesting is the portion of the grant to operate between Meridian and Vicksburg, Mississippi. It was further developed on cross-examination of Innis that West Brothers serves Birmingham, which Bell does not, and that plaintiff West serves as far south in Alabama as Mobile and also services Montgomery together with Bell; furthermore, that West serves virtually every city and town in Mississippi south of U. S. Highway 80 and east of U. S. Highway 51, or the Southeast quarter of the State of Mississippi, and serves no point west of U. S. Highway 80 below Jackson and does not serve Vicksburg. On the other hand, Bell presently serves no areas or points other than the area in West Central Alabama. Mr. Innis further testified that the stockholders of plaintiff, West Brothers, Inc., have agreed to sell all of West's stock to Roadway Express, Inc., an Ohio corporation, and one of the largest carriers in the United States, which would continue to operate in the name of West Brothers. This transaction or sale is now before the Interstate Commerce Commission for approval with one protestant, and said sale is in no way dependent upon or predicated upon the granting or denial of this Certificate in question to Bell. It was further established through cross-examination of Innis that a new contract with the Union in early 1968 substantially increased the cost of West's operation.

On the other hand, the evidence submitted by the intervenor, Bell Transfer Company, Inc. consisted of the affidavit of its President, Mr. D. J. Sharron, with the stipulation that he would testify in accordance with his affidavit filed in this case and dated February 14, 1969, as well as the cross and re-direct examination of Mr. Sharron in the hearing before this Court. According to the testimony of Mr. Sharron, he thought that the final order of the Commission was the last step preceding the issuance of the Certificate in favor of Bell, and although the Compliance Order issued by the Commission did not require Bell to procure facilities, personnel and equipment, but only to select a registered agent for service of process and secure necessary insurance coverage, nevertheless, Bell found it necessary to make plans in advance to commence operations as obliged, when and if the Certificate is issued, and these arrangements consisted of rental and proposed rental by certain agreed dates of terminals in Meridian, Jackson and Vicksburg, Mississippi, the procuring of a larger terminal facility in Montgomery, Alabama with increased rent, hiring of terminal managers for the Jackson, Me-

ridian and Vicksburg terminals at substantial salaries to be paid them, as well as the hiring of a full time terminal manager for the new terminal to be established at Montgomery, Alabama, although no contract had been entered into with these proposed managers. In addition, a traffic manager was hired by Bell at a salary of $9,000.00 per year to require handling of traffic problems which will arise from the new contemplated operation. In addition, an office manager has been hired at the salary of $100.00 per week for the Meridian, Mississippi terminal, and a city salesman has also been hired for the Meridian operation. A total of seven pickup and delivery trucks and four tractors have been purchased by Bell at a total cost of $47,-500.00 and two additional pickups and delivery trucks and two tractors have been ordered at a total cost of $36,000.00; thus, Bell has a total investment and obligation of $83,500.00 for additional equipment acquired for the sole purpose of operating pursuant to the contemplated issuance of the new Certificate.

 A Temporary Restraining Order against the enforcement of the Order of a governmental agency is a drastic remedy and will not be granted except upon a strong showing of necessity and desirability. The plaintiffs have the burden of proving that specific, probable and irreparable damage will result if a stay is not granted. This Court, in exercising its discretion as to whether to grant such relief has taken into account all the circumstances, including possible injury to the opposing parties if a stay were granted. Stott v. United States, 154 F. Supp. 389, 391 (U.S.D.C.S.D.N.Y.1957). We have carefully reviewed and considered all of the testimony offered by all parties hereto, plaintiffs, defendants and intervenor, and have carefully read the findings and recommendations of the Examiner and the Orders of the defendant, Interstate Commerce Commission. On this Motion for Application the plaintiffs have failed to show that they will suffer irreparable damage if a Restraining Order is not granted and has thus

failed to meet the burden imposed by 28 U.S.C. sec. 2284(3). On the other hand, the Court finds that irreparable damage would be caused the intervenor, Bell Transfer Company, Inc., were the Temporary Restraining Order to issue. Based upon the hereinabove well-established principles of law and the evidence before this Court, we find, and are of the opinion, that plaintifs are not entitled to the issuance of a Temporary Restraining Order suspending, restraining or staying the operation, enforcement and execution of the Order of the Interstate Commerce Commission entered July 12, 1968 and served July 19, 1968, and said Motion or Application is hereby denied.

Therefore, an Order may be presented to the Court by the defendants or intervenor in conformance with the above opinion.